88  327
25a 388
88  327
125 124
88   327
e203 ¹263

FRANKLIN BROOKS *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*prisoner's right to discharge after third term.* Where a prisoner is indicted for an offense punishable in the penitentiary, he then being confined in jail, and, on his motion, three of the four counts in the indictment are quashed, and a *nolle* is entered on the fourth, and a new indictment found for the same offense at the next term, he still being confined. and two terms of court elapse after the term at which such second indictment was found, without any trial, or postponement on his part, he will be entitled to his absolute discharge at the next or fourth term, and the overruling of a

motion for a discharge at such fourth term, and putting him upon trial, is error.

2. SAME—*when defendant must be present.* Although the court may assess a fine in a criminal case, yet it can not award corporeal punishment, such as imprisonment in the penitentiary, without the presence of the defendant in court,

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. JACOB NEWMAN, and Messrs. MUNN, INGHAM & POPE, for the plaintiffs in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 14th day of March, 1877, Franklin Brooks and James Rosso were committed to the common jail of Cook county, under a *mittimus* issued by a justice of the peace, to await the action of the grand jury, charged with the commission of an abortion upon the body of one Carrie Raymond.

At the March term, 1877, of the Criminal Court of that county, an indictment was returned against them, consisting of four counts, of which three were quashed upon motion of the defendants, and to the fourth a *nolle prosequi* was entered by the State's attorney. A new indictment was thereafter found, and returned by the grand jury at the April term. Both indictments were based upon identically the same supposed criminal matter. Neither of the defendants had been admitted to bail, nor discharged from custody, nor tried, and the delay of a trial had not happened on their application. At the July term, on the 5th day of July, 1877, the defendants moved to be set at liberty. Upon the hearing of the motion, the above facts were admitted.

The same motion was repeated, with an admission of the same facts, when the case was called for trial, and before the jury was impaneled, at the same July term, on August 2, 1877. Both motions were overruled by the court. The defendants, upon trial had, commencing August 2, 1877, were, at the

said July term, convicted, and sentenced to imprisonment in the penitentiary, one for the term of six, and the other for two years. Motions for a new trial, and in arrest of judgment, were made and overruled. Exception was duly taken to the overruling of each of the motions.

The defendants bring the record here by writ of error. The sole question presented upon the record is as to the right of the defendants to be set at liberty at the time of the making of the motions for that purpose, and their immunity from further prosecution under the indictment in this case.

The motions were based upon section 438 of the Criminal Code, Rev. Stat. 1874, p. 411, which provides: "Any person committed for a criminal or supposed criminal matter, and not admitted to bail, and not tried at or before the second term of the court having jurisdiction of the offense, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner. If such court, at the second term, shall be satisfied that due exertions have been made to procure the evidence for and on behalf of the people, and that there are reasonable grounds to believe that such evidence may be procured at the third term, it shall have power to continue such case till the third term. If any such prisoner shall have been admitted to bail for a crime other than a capital offense, the court may continue the trial of said cause to a third term, if it shall appear, by oath or affirmation, that the witnesses for the people of the State are absent, such witnesses being mentioned by name, and the court shown wherein their testimony is material."

There can be no question that the defendants were entitled to be set at liberty upon their motion, if the time of making their motion was at the fourth term. The words of the statute are unambiguous and imperative, that if not tried at or before the second term, the prisoner "shall be set at liberty," unless, for cause shown, the court continue the cause to the third term. But, beyond the third term, the statute does not allow, under the circumstances here, the holding in imprisonment of one

for trial upon a charge of crime. A question of construction might arise as to what is to be regarded as the first term in the computation, whether the term during which the commitment is made, and the indictment is found, is to be included or excluded in the computation. This indictment being found at the April term, if that term is to be excluded the July term would be but the third term, the terms of the Criminal Court of Cook county being monthly. But in the circumstances of the present case we can have no doubt that the April term must be viewed as, at least, the first term, and so making the July term the fourth term. The commitment and the return of the first indictment in the case were at the March term, and although that indictment was *nol. pros'd,* and a second indictment found at the April term, there was no discharge of defendants from their imprisonment, but they were held continuously in custody for this same supposed criminal offense from the time of their commitment for the same, on the 14th day of March, in the March term, to the time of the motions for their discharge and of their sentence; and, as affecting the present question, it must be regarded as if there had been no dismissal of the first indictment, or as if the present indictment had been found at the March term.

Any other construction would open a way for the complete evasion of the statute, as the prosecuting officer, upon the arrival of a second or third term, would have only to enter a *nolle prosequi* to the indictment, have the defendants held in custody until another indictment could be found, and thus nullify the provision of the statute.

The motion of the defendants, then, made at the July term, the fourth term, to be set at liberty, should have been granted, and had it been, the judgment in this case could not have been pronounced against the defendants, as they would not have been present in court. The punishment for the offense is imprisonment in the penitentiary, and, although the court may assess a fine, it can not award any corporal punishment against a defendant, unless he be actually present in the court. 1

Chitty's Crim. Law, 696, marg. 1; Bishop's Crim. Procedure, § 275; *People* v. *Winchell,* 7 Cow. 525; *Son* v. *The People,* 12 Wend. 344; *State* v. *Able,* 65 Mo.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. Justice Scott, dissenting:

It appears, from the admitted facts, defendants were indicted at the March term of court, 1877, with one Smith Whittier, for the crime of producing an abortion and miscarriage on the body of Carrie Raymond. That indictment, on motion of defendants, was adjudged to be insufficient, and all but one count were quashed, and as to that, a *nolle prosequi* was entered. At the succeeding April term of court, defendants were again indicted for the same offense, and on the trial, had at the July term of court thereafter, they were found guilty and judgment was pronounced on the verdict.

It is also admitted, defendants were committed to jail on the charge of crime for which they were afterwards indicted and convicted, and so remained until the time of trial and conviction. The point relied on with most confidence for a reversal of the judgment, is, that the circuit court, at the July term, had no jurisdiction to try defendants, by reason of the fact, they were not admitted to bail, and were not tried at or before the third term of the court having jurisdiction of the offense with which they were charged, and that such delay did not happen on application of either defendant.

One section of the Criminal Code provides, "Any person committed for a criminal or supposed criminal matter, and not admitted to bail, and not tried at or before the second term of the court having jurisdiction of the offense, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner;" but it is further provided, that, " if the court, at the second term, shall be satisfied that due exertions have been made to procure the evidence on behalf of the people, and that there are reasonable grounds to believe that

such evidence may be procured at the third term, it shall have power to continue such case till such third term." Rev. Stat. 1874, div. 11, sec. 18, Crim. Code. Until the recent revision of our statutes, this provision was contained in the "Habeas Corpus act," and although it was enacted certainly as early as 1845, I am not aware it has ever been the subject of construction in this court.

Giving to this statute the construction contended for, the judgment might still be affirmed, on the ground it does not appear that three terms of court had been held after indictment was found, before defendants were tried. This statute must have a reasonable construction, and if no terms of court are held by the court having jurisdiction of the offense, it can not be the prisoner will be entitled to be discharged or set at liberty, although three terms of court appointed by law to be holden have elapsed since indictment was found. It is but stating a truism to say, if no court is actually held, there can be no court having jurisdiction of the offense. By "court having jurisdiction of the offense," must be understood a court where the prisoner could be tried. It does not appear, by the bill of exceptions, or elsewhere in the record, that I can discover, that any May term of court in that year was held. The indictment was found on the 5th day of May, which was the last day of the April term of court, and it is hardly probable there could be any trial on that day for want of time. The June term of court was, therefore, the first term at which the accused could be tried, and at that term it was continued to the July term, when the trial was had. Under no construction could the prisoners be set at liberty at the second term of court after indictment, if the people were ready to proceed with the prosecution, or could show cause for continuance. The admitted facts show a previous indictment had been found, but it had been adjudged insufficient on motion of defendants. That delay happened on account of the application of the prisoners. Had they been discharged, then on finding a new indictment, as was done, they could have been re-arrested for the

same offense.  It would have been a mere farce for the court to have made a formal order discharging the prisoners, that they might instantly be arrested on the capias issued under the second indictment.  Strictly speaking, then, defendants were in fact tried at the second term of court having jurisdiction of the offense with which they were charged, and in no view could that be error.

But the decision might be placed on broader and more substantial grounds.  This statute has relation to the duration of the imprisonment of the prisoner, and does not operate as a bar to the prosecution as in case of former aquittal.  This view is somewhat strengthened by the fact, when it was first enacted, and for many years thereafter, this section constituted a part of the "Habeas Corpus act."  Plainly it is not the meaning of this section, the prisoner could be set at liberty at the second term at which he could be tried, if the prosecution could show reasonable grounds for a continuance of the cause.  Express authority is given to continue the case to a third term of court for cause shown.  But at the third term of the court having jurisdiction to try the prisoners for the offense with which they are charged, unless the prosecution is ready to proceed with the trial, they are entitled to be set at liberty on *habeas corpus,* or perhaps on motion in open court.  The prisoner can not be longer detained in custody.  Nevertheless, at the third term of court, or at any other term, if the prosecution is ready, the prisoner may be tried, if still in custody.  It would be futile to continue the case to a third term of court unless the accused could then be tried.  Had it been made to appear, the prisoners, at the second term of court after indictment and commitment, moved to be "set at liberty," and the prosecution was not ready for trial, and would not be at that term, and could not show cause for continuance, then the exact case would have arisen when they would be entitled to be discharged from custody under this statute.  The motion would prevail at any subsequent term of court unless the prosecution was then actually ready or would be during the term,

as the prisoners could not be longer kept in custody by a continuance of the cause.

Our statute is unlike the statutes of other States on this subject, that have been the subject of construction in their courts. Had this section provided, as does some of the statutes cited in other States, the prisoner should not only be "set at liberty," but "acquitted of the offense charged," a very different question would be presented. It simply provides, if the prisoner is not tried at a certain term of the court having jurisdiction of the offense with which he is charged, he shall be "set at liberty." Nevertheless, the true construction is, if the prosecution is ready, the trial may go on at any term of court before the prisoner is actually discharged.

That is the precise case here. As I understand the record, it was at the third term of court after indictment found, that defendants moved for their discharge, because they had not been previously tried, but the prosecution was then ready for trial, and it was not error to proceed. It matters not, it may have been in fact the fourth term of court of the court having jurisdiction of the offense,—still, the lapse of time was no bar to the prosecution itself. The prosecution was ready for trial when the motion to discharge the prisoners was made, and it was for that reason properly overruled.

The statutes construed in *Durham* v. *The State,* 9 Geo. 309, and in other cases cited, are so unlike the one we are considering, that those cases do not aid in the construction of this section of our statute. Construing, as I do, our statute as constituting no bar to the prosecution itself, the conviction must stand, and the judgment ought to be affirmed.

Mr. JUSTICE WALKER: I concur in the views expressed in this dissenting opinion.