## STATE v McNARY et

Ohio Appeals, 6th Dist, Lucas Co

Decided June 22, 1936

Frazier Reams, Prosecuting Attorney, Toledo, Joel S. Rhinefort, Toledo, and Thomas S. Bretherton, Toledo, for appellee.

Doyle & Lewis, Toledo, and Lehr Fes, Toledo, for appellant Raleigh D. Mills.

## OPINION

By LLOYD, J.

On January 2, 1932, of the September term, 1931, of the Lucas County Court of Common Pleas, an indictment docketed in that court as No. 20405 was returned by the grand jury against Stacey L. McNary, Raleigh D. Mills, Will H. Gunckel and Leroy H. Eastman, charging them as officers and directors of The Security-Home Trust Company with unlawfully and wilfully receiving certain money and checks of a stated value as deposits from certain named depositors of the bank, they then having knowledge that the bank was insolvent.

On January 4, 1932, Mills was released on his personal recognizance in the sum of $2,500. On January 6 of that year Eastman filed a demurrer to the indictment on the ground that, being a director only, he was not an officer of the bank within the meaning of the statute creating the alleged offense. On January 16, 1932, Mills requested the prosecuting attorney to furnish

him a bill of particulars, which request was refused, and thereupon, on January 23 and on February 26, 1932, he filed a motion requesting the court to order the prosecuting attorney to furnish him with a bill of particulars, each of which motions was denied.

On February 26, 1932, the demurrer of Eastman was sustained and the prosecuting attorney thereupon proceeded to the Supreme Court for an interpretation of the statute as to whether, within the purview thereof a director was an officer, which question that court, in March, 1933, decided in the affirmative. (State v Whitmore, 126 Oh St, 381, 185 NE, 547).

On March 30, 1933, Mills appeared in open court, pleaded not guilty to the indictment and voluntarily waived in writing his right to a trial by jury, and elected to be tried by a judge of the court. Other than this plea and waiver, no demand has at any time been made by Mills for trial on the indictment, nor has there been made any objection to or protest against the postponement or continuance thereof, although by virtue of §13442-11, GC, the court upon application therefor of either the prosecuting attorney or Mills could have ordered a separate and immediate trial as to him.

On April 18, 1936, Mills filed an application in cause No. 20405 "to be discharged under and by virtue of the provisions of the Constitution of Ohio and §§13447-2 and 13447-3 GC." On May 5, 1936, "with leave of the court and for good cause shown, the prosecuting attorney enters a nolle prosequi herein against defendant Raleigh D. Mills." A journal entry filed on May 6, 1936, recites that the court denied the application of Mills filed on April 18 to be discharged, and granted leave "to the prosecuting attorney to enter a nolle prosequi in said cause as to the defendant Raleigh D. Mills," to all of which decisions and orders Mills objected and excepted.

On the last day of each term of court subsequent to the filing date of the indictment, the Court of Common Pleas ordered that all suits, actions, motions, demurrers and other proceedings of every kind and nature pending in the court be continued to the next succeeding term.

On May 6, 1936, Mills filed a motion for a new trial and rehearing on his application to be discharged, which was overruled by the court on May 7. In his brief on appeal to this court he assigns as prejudicial error the denial of his application to be discharged, the overruling of his motion for a new trial and the entry of the nolle prosequi of the indictment, by which he claims he has been prevented "from having a fair trial and has been prevented from having a speedy trial in violation of the rights of this defendant under the Constitution of the State of Ohio, the Fourteenth Amendment of the Constitution of the United States and contrary to the provisions of §§13447-2 and 13447-3 GC."

These statutory sections read as follows:

"A person shall not be held by recognizance to answer an indictment or information without trial for a period of more than three terms not including a term at which a recognizance was first taken thereon, if taken in term time. He shall be discharged unless a continuance is had on his motion, or the delay is caused by his act, or there is not time to try him at such third term, in which case he shall be brought to trial at the next term or be discharged."

"When application is made for the discharge of a person under either of the next two preceding sections, if the court is satisfied that there is material evidence for the state which cannot be had, that reasonable effort has been made to procure it, and that there is just ground to believe that such evidence can be had at the next term, the cause may be continued, and the prisoner remanded or admitted to bail. If he is not brought to trial at the next term thereafter, he shall then be discharged. The discharge of the accused under this or either of the next two preceding sections shall be a bar to a further prosecution for the same offense."

On June 2, 1936, the appellee, the State of Ohio, filed a motion in this court to dismiss the appeal, the principal and important ground of which is that the ruling of the Court of Common Pleas from which the appeal is sought to be taken is not a final order.

In considering this question the fact to be kept in mind is that at the time of the filing by Mills of his application for discharge, and the nol-prossing of the indictment, there was pending another indictment, as appears from the bill of exceptions, charging the same offense based upon the same alleged wrongful acts and docketed in the Court of Common Pelas as No. 21051. There were two pending indictments, but only one alleged offense.

Sec 13437-31, GC, provides that: "If there be pending against the same defendant two

or more indictments or informations for the same criminal act, the prosecuting attorney must elect upon which he will proceed, and upon trial being had upon one of them, the remaining indictment or indictments or informations shall be quashed."

Sec 13437-32, GC, provides that: "The prosecuting attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court."

It was the undoubted right of the prosecuting attorney, with the consent of the court, to enter a nolle prosequi, as was done in the instant case, and by so doing the prosecuting attorney in fact and effect elected to proceed to trial on the second indictment. It is said, however, that since the filing of the application of Mills for his discharge as to the alleged offense preceded the nolle prosequi, this action of the prosecuting attorney, although with the consent of the court, and as the journal entry states, for good cause shown, could not deprive him of the right thereby demanded, and with that contention we agree. But, with another indictment pending at the time of the nolle prosequi, charging identically the same offense, when does the exercise of the right accrue? It seems to the court that by the nolle prosequi of the indictment in question the claimed rights of Mills and of the state are transferred to and merged into the proceedings incident to the prosecution of the pending indictment, and that under the facts here presented there can be no discharge of Mills on his application therefor until trial and conviction of the offense as charged in the pending indictment, because, as we have said, its form is the same, the offense charged therein is the same, and the rights of the accused can be preserved and protected in the proceedings and trial had thereon. The first indictment is a nullity. It has ceased to exist. and applying to the instant question the statement of the Supreme Court at page 209 of its opinion in Johnson v State, 42 Oh St, 207:

"An error in refusing to discharge for such cause can never be properly presented in this court until there has been a conviction * * *."

Whether this statement of the Supreme Court is or is not applicable where there is only one indictment as to which a nolle prosequi has been asked and entered after an application for discharge, is unimportant in the instant case where no final order has been or can be entered because of the pending, undisposed of indictment—and as to which undisposed of indictment Mills seeks to avoid trial by obtaining a discharge upon the nol-prossed indictment, which discharge he might then plead in bar to the pending indictment. And it may be pertinent to repeat here that the offense charged in the nol-prossed indictment and that charged in the pending indictment are in all respects identical.

The offense is the substantive fact. An indictment is the form through which the fact is judicially publicized. But it may be said that by denial of the application for discharge the prosecuting attorney may procure indictment after indictment for the same offense and by successive nolle prosequis continue indefinitely to harass and persecute one thus accused of crime. There might be warrant for such claim if no other indictment for the same offense was pending when the application for discharge therefrom was made. In such case, if the prerequisite conditions existed, the accused would be entitled to a discharge after trial and conviction, if not before, which discharge would nullify the verdict of guilty and be a bar to future prosecutions for the same offense. But where, as in the instant case, there are two co-existing indictments, each charging the same offense, the first may be nol-prossed, and, although this question is not now before us for consideration and not here decided, it would seem that, if the application for discharge is made as to the second indictment. elapsing time may be counted from the date of the first indictment.

In Brooks v People, 88 Ill., 327, involving a similar situation, the court says in its opinion at page 330:

"Any other construction would open the way for the complete evasion of the statute as the prosecuting officer upon the arrival of the second or third term would have only to enter a nolle prosequi to the indictment, have the defendants held in custody until another indictment could be found, and thus nullify the provision of the statute."

This principle, also announced in Brown v State, 85 Ga., 713 is not inconsistent, but, as we view it, is in harmony with what is said in the Johnson case, supra.

The motion of the State to dismiss the appeal is granted.

Appeal dismissed.

OVERMYER and CARPENTER, JJ, concur.