STATE OF INDIANA ON RELATION OF HASCH *v.* JOHNSON
CIRCUIT COURT, BARGER, SPECIAL JUDGE ETC.

[No. 29,267. Filed June 30, 1955.]

*Branigin & Branigin,* and *Thurman DeMoss,* of Franklin, *Emerson J. Brunner* and *Warren M. Brown,* of Shelbyville, all for relator.

*Harold G. Barger,* Judge *pro se.*

ACHOR, J.—Relator has filed a verified petition for writ of prohibition pursuant to which this court has

issued a temporary writ prohibiting the respondent from exercising further jurisdiction in the case and to show cause why the writ should not be made permanent.

Following are the essential facts before us: An affidavit was filed against relator on February 18, 1954, charging him with the offense of assault with the intent to commit a felony. Thereafter successive motions to quash were filed and sustained until a third amended affidavit was filed. Relator was thereafter arraigned, entered a plea of not guilty, and was released on bond in the penal sum of $5,000. Subsequently a trial date was set and thereafter relator filed his verified motion for change of judge which was granted, and respondent, Honorable Harold G. Barger, was duly selected as special judge and assumed jurisdiction therein. Said cause was numbered 6151 in the Johnson Circuit Court.

On December 31, 1954 relator filed his motion for discharge under Acts 1905, ch. 169, §220, p. 584, being §9-1403, Burns' 1942 Replacement. Said section of the statute is as follows:

"No person shall be held by recognizance to answer an indictment or affidavit without trial for a period embracing more than three (3) terms of court, not including the term at which a recognizance was first taken thereon, if taken in term time; but he shall be discharged unless a continuance be had upon his own motion, or the delay be caused by his act, or there be not sufficient time to try him at such third term; and, in the latter case, if he be not brought to trial at such third term, he shall be discharged, except as provided in the next section."

Thereafter on the 6th day of January 1955, the state, by the prosecuting attorney, filed its motion to dismiss the action without prejudice. Evidence was heard on the petition to discharge and argument was had con-

currently on both the petition to discharge and the motion to dismiss.

Subsequently, relator filed a motion requesting the court to rule upon his motion for discharge prior to any action on the state's motion for dismissal. This motion was overruled and the court sustained the state's motion to dismiss on January 24, 1955.

On February 15, 1955, the state filed in the same court another affidavit entered as Cause No. 6327, charging relator with the identical offense charged in the prior affidavit in Cause No. 6151. In the second case the regular judge of the Johnson Circuit Court disqualified himself, and on February 19, 1955, respondent Honorable Harold G. Barger was, by agreement of the parties, again selected as special judge "to try and determine said cause." No action has been taken in said Cause No. 6327 by the special judge from the date of his appointment to the filing of this petition on March 8, 1955.

The first question which this court must determine is whether or not, under the circumstances presented, it has jursidcition to issue the writ of prohibition heretofore temporarily issued.

The court has only such original jurisdiction as the legislature has or may hereafter confer upon it. *State ex rel. Beaman v. C. Ct. Pike Co.; Gibson Co.* (1951), 229 Ind. 190, 193, 96 N. E. 2d 671. The legislature has provided that this court may issue writs of prohibition to circuit courts to confine them to their lawful jurisdiction. Acts 1933, ch. 102, §1, p. 688, being §3-2201, Burns' 1946 Repl. This court has also stated:

> " 'A court that proceeds in the trial of a cause against an express prohibition of a statute is exceeding its jurisdiction and may be prevented by prohibition from this court.'

"*State ex rel. Kunkel* v. *LaPorte Circuit Court, supra,* p. 694 (1936, 209 Ind. 682, 200 N. E. 614), quoting *Hayne* v. *Justice's Court* (1889), 82 Cal. 284, 285, 23 Pac. 125 and citing *Culver Contracting Corp.* v. *Humphrey, Supreme Court Justice* (1935), 268 N. Y. 26, 196 N. E. 627." *State ex rel. Poindexter* v. *Reeves* (1952), 230 Ind. 645, 661, 104 N. E. 2d 735.

It is contended that the following cases support the issuance of a writ under the circumstances before us. In the case of *Zehrlaut* v. *State* (1951), 230 Ind. 175, 180-181, 102 N. E. 2d 203, the court had before it a similar motion to dismiss based upon the same statute (§9-1403). In that case this court held correctly that under the facts before it, the trial court erred in overruling the motion to discharge. However, that case and this are not analogous. In that case, the issue was presented as an assigned error in an ordinary appeal on the merits, whereas we are here concerned with *an original action which denies the jurisdiction* of the trial court to entertain the second cause of action.

It is relator's contention that the trial court, when confronted with the petition for discharge in the original case No. 6151 had no authority to dismiss the case without first ruling upon the petition. That consequently for the purpose of this proceeding, the case is still pending, and that it therefore follows that by reason of §3-2201, *supra,* the respondent had no jurisdiction in the second action. For that reason it is contended that the case of *State ex rel. Poindexter* v. *Reeves, supra,* is controlling of the question before us. However, the above contentions are all based upon the premise that the court was without jurisdiction in the original case No. 6151 to dismiss the same without first ruling upon the motion to discharge. Admittedly, there is no express statutory procedure prescribed for

invoking the statute (§9-1403), therefore if such a requirement exists, it must be grounded in the purpose and character of the statute rather than its express terms. What is its purpose? As stated in the case of *Zehrlaut* v. *State, supra*:

"The statute is a practical implementation of the Indiana Constitution (Art. 1, §12) as follows:

'All courts shall be open; and every man, for injury done to him in his person, property or reputation, shall have remedy by due course of law. Justice shall be administered freely and without purchase; completely and without denial; *speedily and without delay.*' (My italics.)"

Consistent with the character and purpose of the statute (§9-1403) it would seem necessarily to follow that after filing a petition to invoke the statute it became the mandatory duty of the court to act upon it expeditiously. See *State ex rel. Kunkel* v. *LaPorte Circuit Court* (1936), 209 Ind. 682, 200 N. E. 614.

However, it does not follow that petitioner was entitled to a ruling upon his motion to discharge, as a matter of absolute right. The discharge of an accused, pursuant to §9-1403, *supra,* does not constitute a vindication or acquittal, neither does it substitute for payment of a penalty appropriate to the crime. Rather, it is in the nature of an avoidance of jeopardy for the charge because of the failure of the state to prosecute the accused "speedily and without delay." Therefore, the accused is not in a position to complain if, on motion of the state, the charge against him is dismissed and he is discharged without there first having been a ruling on his motion to discharge. The dismissal itself wiped the record clean of the charge, and effected his discharge as fully as if the motion had been ruled upon. However, the accused would have a very real cause to complain if the state were permitted to subsequently refile the

identical charge against the same accused without it
also being chargeable with the consequences of the stat-
ute (§9-1403) as related to the original charge.

The obvious purpose and character of the statute
(§9-1403) upon which the motion to dismiss is based
requires that in event the identical charge is
refiled, it must be regarded as if there had been
no dismissal of the first affidavit, or as if the
second affidavit had been filed on the date of the first.
*Brooks et al.* v. *The People* (1878), 88 Ill. 327; *State*
v. *Crawford* (1919), 83 W. Va. 556, 98 N. E. 615. The
only exception might be as to the intervening period
between the dismissal and refiling of the charge—a
question which we are not called upon to decide. The
rule otherwise would permit the state to stultify the
firm guarantee of Art. 1, §12, of the Constitution of
Indiana, as expressly implemented by §9-1403, *supra*.
This we cannot permit.

This one question remains: Was the relator entitled
to a writ of prohibition prior to the dismissal of the
original cause No. 6151? For he must be con-
sidered as being in the same position with regard
to the second cause (6327) which is now before
us. The question, we believe, has already been answered
in substance. Admittedly, if the court failed to perform
its statutory duty and rule upon the motion within a
reasonable time it would be subject to mandate. See
Flanagan, Wiltrout & Hamilton's Indiana Trial & Ap-
pellate Practice, §2987, ch. 63, p. 450, *Comment* 2.
However, in the original case (6151) the necessity of
ruling upon the petition to discharge was avoided by
the dismissal of the case and the discharge of the
accused by that medium. And as this cause (Cause No.
6327) now stands before us, no request has been made
to the trial court, nor has opportunity been given for

that court to rule upon the petition to discharge. Therefore a petition to mandate if filed would be premature.

A *writ of prohibition* with which we are here concerned would be available to restrain the court from proceeding to the trial of the case only after a determination that the accused was entitled to discharge, under which circumstances the court would be without jurisdiction to further proceed in the case. See *State ex rel. Kunkel* v. *LaPorte Circuit Court, supra;* Flanagan, Wiltrout & Hamilton's Indiana Trial & Appellate Practice, §2990, ch. 63, p. 454. Therefore, we conclude that under the present state of the record there is no basis in fact or in law upon which to sustain the writ of prohibition in this cause.

The temporary writ of prohibition heretofore issued is therefore dissolved.

Bobbitt, Arterburn and Landis, JJ., concur.

Emmert, C. J., not participating.

NOTE—Reported in 127 N. E. 2d 600.