STATE ex rel. Marcel BACK and
Randy Back, Relators,

v.

STARKE CIRCUIT COURT, Honorable
David P. Matsey, Special Judge,
Respondent.

No. 1278S283.

Supreme Court of Indiana.

June 5, 1979.

Stephen A. Kray, LaPorte, for relators.

Theodore L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for respondent.

PRENTICE, Justice.

This cause is before us upon the response of the Respondent to our Writ of Mandamus hereinbefore issued, commanding the release of the Relators, under Indiana Criminal Rule P. 4(C). Said response and supporting memoranda pray that said writ not be made permanent and that it be dissolved.

On September 21, 1976, Relators were charged by affidavit and information filed in Starke Circuit Court, Cause No. 6124, with unlawful possession and delivery of marijuana. They were arrested and posted bond, Randy on September 23, 1976, and Marcel on September 25, 1976. On October 28, 1977, the charges were dismissed, on motion of Relators. Meanwhile, a change of judge had been perfected, which occasioned a delay of 66 days, chargeable to Relators.

On November 28, 1977, the State refiled the identical criminal charges against the

Relators in Starke Circuit Court, Cause No. 6228. Relators again posted bond and again filed a motion for a change of judge on February 24, 1978; and on March 7, 1978, Special Judge David Matsey (Respondent) assumed jurisdiction. On April 7, 1978, the cause was scheduled for arraignment, and on April 28, 1978, Relators filed consolidated motions to dismiss and quash arrest warrants and to dismiss and discharge, which motions were set for hearing on May 5, 1978. At the hearing, Judge Matsey took judicial notice of the charges in Cause No. 6124 being identical to the charges filed in Cause No. 6228. Both motions were taken under advisement and subsequently denied on May 18, 1978. In August, a trial date was set for November 2, 1978. On October 5, 1978, Relators filed a motion for continuance and the trial date was reset for December 18, 1978. On November 8, 1978, Relators filed a motion for discharge for delay pursuant to Indiana Criminal Rule 4(C), which motion was denied.

Ind.R.Crim.P. 4(C) provides in part that "[n]o person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, * * *." Subdivision (F) further provides that "[w]hen a continuance is had on motion of the defendant, or delay in trial is caused by his act, any time limitation contained in this rule shall be extended by the amount of the resulting period of such delay caused thereby * * *."

In determining the one year period involved in the instant case, it must first be decided at what point the period began to run. We stated in *State ex rel. Hasch v. Johnson Circuit Court,* (1955), 234 Ind. 429, 435, 127 N.E.2d 600, that in the event that "the identical charge is refiled, it must be regarded as if there had been no dismissal of the first affidavit, or as if the second affidavit had been filed on the date of the first." Therefore, our calculations must begin from the date of the Relators' arrests, September 23 and 25, 1976. Taking into consideration the delays chargeable to the Relators under the provisions of C.R. 4(C), which act only to extend the time limitation by the amount of the delays, C.R. 4(F), the one year period had run as of November 28, 1977, as to Randy and on November 30, 1977, as to Marcel. The cause had never been set for trial prior to that time, nor had anything transpired, prior to November 30, 1977, other than the dismissals of October 28, 1977, to indicate that the Relators would not be brought to trial within the 1 year period fixed by the rule.

The State argues that the Relators had a duty to raise their right to discharge under C.R. 4 at the earliest possible date and that their failure to file a motion for discharge until November, 1978, constituted a waiver of that right. In support of their position they cite *State ex rel. Wernke v. Hendricks Superior Court,* (1976) 264 Ind. 646, 348 N.E.2d 644, where it was held that the defendant's failure to object at the earliest opportunity when his trial date was set beyond the time limit prescribed in C.R. 4 constituted a waiver of his right to discharge. In so holding, the Court in *Wernke* relied on *Utterback v. State,* (1974) 261 Ind. 685, 310 N.E.2d 552, where the defendant was appealing the denial of his motion for discharge for delay, relying on C.R. 4(B). There we stated 264 Ind. at p. 687, 348 N.E.2d at p. 646:

"The purpose of the rules is to assure early trials and not to discharge defendants. The material difference between the rules is that under the one the time starts running automatically, while under the other the defendant must trigger it with a motion. In either event, when a ruling is made that is incorrect, and the offended party is aware of it, or reasonably should be presumed to be aware of it, it is his obligation to call it to the court's attention in time to permit a correction. If he fails to do so he should not be heard to complain. The courts are

under legal and moral mandate to protect the constitutional rights of accused persons, but this should not entirely relieve them from acting reasonably in their own behalf. We will vigorously enforce the right to a speedy trial, but we do not intend that accused persons should escape trial by abuse of the means that we have designed for their protection."

In the *Utterback* case, the defendant stood silently by while the court fixed a trial day beyond the allowable date. Such action, or inaction, having occurred at a time when the court could have corrected its error was held to estop the defendant from enforcing his discharge rights. In *Wernke,* a similar situation occurred. A tardy trial date had not been fixed, but the defendant acquiesced to the scheduling of a pre-trial conference on a date subsequent to the allowable date, thus foreclosing the possibility of a trial date within the allowed period.

We have never held that a defendant must take affirmative action to bring himself to trial, except under Ind.R.Crim.P. 4(B), if an early trial is desired. We have only held that he may not benefit from an error by the court when he was aware of the same, or by the exercise of due diligence should have been aware of it, at a time when it could have been averted and failed to object, thereby contributing to it.

■ The facts in the instant case differ from those of both *Wernke* and *Utterback* in that the time limitation, extended by 66 days chargeable to them, expired prior to the action and inaction of which the Respondent now complains. A defendant is not required to take affirmative action to obtain a trial within the one year period set by C.R. 4(C). *State ex rel. Wickliffe v. Marion Criminal Court,* (1975) 263 Ind. 219, 328 N.E.2d 420.

■ The Respondent argues that various action and inaction of the Relators subsequent to the refiling of charges and beginning with a motion for a change of judge filed on February 24, 1978, preclude their discharge under the rule. However, the State lost its right to bring them to trial on November 28, 1977, as to one and on November 30, 1977, as to the other, which was nearly three months prior to the date Relators moved for a change of judge in the re-filed proceedings. The action or inaction of a defendant after expiration of the state's right could not have contributed to the loss of that right; and we have never held that the right, once lost, may be restored.

The prayer of the Respondent's response is denied. The writ is made permanent and the Relators ordered discharged.

GIVAN, C. J., and DeBRULER and HUNTER, JJ., concur.

PIVARNIK, J., dissents.