**Robert Lee BENTLEY, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1282S475.**

Supreme Court of Indiana.

April 19, 1984.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

Appellant was convicted by a jury of Second Degree Murder, Conspiracy to Commit Armed Robbery and Armed Robbery. His convictions were affirmed by this Court in *Bentley v. State,* (1981) Ind., 414 N.E.2d 573. Appellant filed a Petition for Post-Conviction Relief which was denied.

Appellant maintains one issue in this appeal, a denial of effective assistance of counsel. This allegation is based upon counsel's failure to provide for appellant's discharge pursuant to Ind.R.Cr.P. 4(C). Appellant argues the State failed to bring him to trial within the one year limitation imposed by the rule. Appellant asserts this failure to seek discharge is a demonstration of ineffective counsel which should result in reversal.

The facts are these. The offenses alleged occurred on April 7, 1975. The appellant left the State immediately following the incident. Appellant went to Tennessee where he was arrested on an unrelated matter and spent one year in jail. When he was released, he returned to Indiana where he was arrested on yet another matter. On June 15, 1977, while in court on this unrelated matter, appellant was arrested for the instant crimes. The charges for the instant crimes were dismissed July 7, 1977, on State's Motion to Dismiss due to the unavailability of a key witness. Appellant again left the State and did not return until the spring of 1978. He was again arrested and charged with the instant crimes. This last arrest took place June 10, 1978. Following procedural delays, most of which were attributable to appellant, this matter finally went to trial on March 12, 1979.

Appellant relies on *State ex rel. Back v. Starke Circuit Court,* (1979) 271 Ind. 82, 390 N.E.2d 643 to support his contention. In *Back* we held that when an identical charge is refiled, it must be regarded as if there had been no dismissal of the first affidavit, or as if the second affidavit were filed on the same date as the first. Appellant thus contends the State had until June 15, 1978, to bring him to trial. The failure to do so prior to that date, he argues, should cause Ind.R.Cr.P. 4(C) to operate in his behalf.

The statement in *Back* was based upon an earlier holding in *State ex rel. Hasch v. Johnson Circuit Court,* (1955) 234 Ind. 429, 127 N.E.2d 600. In *Hasch* Judge Achor said:

"The obvious purpose and character of the statute (§ 9–1403) upon which the motion to dismiss is based requires that in event the identical charge is refiled, it must be regarded as if there had been no dismissal of the first affidavit, or as if the second affidavit had been filed on the date of the first. *Brooks et al. v. The People* (1878), 88 Ill. 327; *State v. Crawford* (1919), 83 W.Va. 556, 98 N.E. 615. The only exception might be as to the intervening period between the dismissal and refiling of the charge—a question which we are not called upon to decide." *Id.* at 435, 127 N.E.2d at 603.

When one examines the rule, it is easy to discern why Judge Achor used the cautionary language above quoted. Indiana Rules of Criminal Procedure, Rule 4(C) states in part: "No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the crim-

inal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; ...." It is obvious that when a criminal charge is dismissed, the person is not then being held "to answer a criminal charge." There is no question but what Judge Achor in the *Hasch* case was simply stating that the State should be charged with all the time the defendant stood charged, starting with the charge or arrest in the first instance.

The clear import then is that if a defendant is arrested and charged, and held to answer to that charge for a period of one month, then is discharged, and at a subsequent time the State refiles the same charge, the State is charged with the one month he was held to answer in the first instance and that month's time is added to the time following the second arrest under which the State holds the defendant "to answer a criminal charge."

We therefore hold that *State ex rel. Back v. Starke Circuit Court, supra,* misconstrues *State ex rel. Hasch v. Johnson Circuit Court, supra,* and that the interpretation of the rule in *State ex rel. Back* places an undue burden upon the State.

Had counsel offered the Motion for Discharge, the motion should have failed. Therefore we will not find trial counsel incompetent for failure to offer the motion. Appellant has not demonstrated that trial counsel was ineffective.

The trial court is affirmed.

DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., dissents with separate opinion.

PRENTICE, J., concurs in result with separate opinion.

PRENTICE, Justice, concurring in result.

I concur in the result reached by the majority. However, I do not agree that we

misconstrued *State ex rel. Hasch v. Johnson Circuit Court,* (1955) 234 Ind. 429, 127 N.E.2d 600 in *State ex rel. Back v. Starke Circuit Court,* (1979) 271 Ind. 82, 390 N.E.2d 643.

The statement from *Hasch* was dicta, the temporary writ having been dissolved because the issue had not been properly presented in the trial court. The statement [1] was also incorrect, although a caveat followed and suggested that an "exception *might be* as to the intervening period between the dismissal and refiling of the charge—" (Emphasis added). Obviously such exception must apply. The issue, as stated in the majority opinion is "how long has the defendant been held on recognizance or otherwise to answer a criminal charge." The date of the initial filing is, therefore, germane only to the determination of the period for which he was held under the first filing. Saying that if the charge is refiled, "it must be regarded as if there had been no dismissal of the first" is simply a grossly erroneous statement, both in *Hasch* (Supra) and in *Back* (Supra).

It should also be noted that *Back* (Supra) was, nevertheless, correctly determined, he having been held, in the aggregate, upon both charges for a period in excess of that allowed by the rule.

HUNTER, Justice, dissenting.

I must respectfully dissent to the majority opinion in this case. The majority holds that, in a situation such as this, the time period under Ind.R.Crim.P. 4(C) is tolled by the dismissal of the charges. I believe, however, that the holding in *State ex rel. Back v. Starke Circuit Court,* (1979) 271 Ind. 82, 390 N.E.2d 643, was correct and that the majority was wrong in not applying the rule to this case.

To begin with, I believe the majority opinion gives the impression that the petitioner was primarily responsible for the

---

**1.** "The obvious purpose and character of the statute (§ 9–1403) upon which the motion to dismiss is based requires that in event the identical charge is refiled, it must be regarded as if

there had been no dismissal of the first affidavit, or as if the second affidavit had been filed on the date of the first." 234 Ind. at 435, 127 N.E.2d at 602–603.

delay in this case. This is not so. The record shows that the petitioner was charged in 1975 with murder, commission of a felony while armed, and robbery. In 1977 the petitioner was incarcerated in Tennessee on another, unrelated charge. Though officials in Indiana knew of this, no one picked the petitioner up to return him to this state. After being released in Tennessee, the petitioner eventually returned to Indianapolis, where he was arrested on June 15, 1977. The cause number at this time was CR 75–265 B. The record further shows that the charges under CR 75–265B were dismissed on July 7, 1977. The reason for the dismissal was that the prosecutor *twice* failed to make sure the arresting officer appeared in court. The judge at this time told the petitioner he was free to go. The petitioner left Indianapolis and returned in April of 1978. He was subsequently rearrested on June 10, 1978 and was recharged with the 1975 crimes. Early in 1979, the petitioner withdrew a guilty plea. The state, for reasons unexplained, dismissed the charges again. The charges were, however, refiled under cause number CR 79–65 D. CR 75–265 B and CR 79–65 D contain almost identical language. The petitioner was convicted on March 14, 1979, almost two years from the time of the petitioner's first arrest.

The facts in this case demonstrate the two reasons I believe we should strictly adhere to the rule in *State ex rel. Back.* The first is that the majority rule here allows a prosecutor to play a game of cat and mouse with a defendant. The majority rule would allow a prosecutor to dismiss and refile charges several times, so long as the time does not add up to more than that allowed under Ind.R.Crim.P. 4(C). The prosecutor thus has been given the ability to call "time out" if he knows he cannot bring a defendant to trial within the time limitations imposed in C.R. 4(C). This circumvents the very intent of the rule.

My second reason for disagreeing with the majority is closely related to the first. The facts in this case show less than exemplary prosecutorial work. Through delays that were largely more the fault of the prosecutor than the petitioner, the petitioner was brought to trial nearly two years after the initial arrest. The majority rule only encourages further displays of careless prosecutor work. The rule in *State ex rel. Back,* however, would force the prosecutor to work within a time limitation and would require more efficient administration of justice.

In short, I believe that the court in *State ex rel. Back* did not "misconstrue" the holding in *State ex rel. Hasch v. Johnson Circuit Court,* (1955) 234 Ind. 429, 127 N.E.2d 600. I am even more hard-pressed to accept the majority's view that *State ex rel. Back* placed "an undue burden upon the State." The rule in *State ex rel. Back,* if strictly applied, better serves the purposes of our speedy trial rule. Therefore, to the extent the majority disagrees with this rule, I dissent.