**Robert Duane HUFFMAN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1284S478.**

Supreme Court of Indiana.

Jan. 21, 1987.

Rehearing Denied Mar. 27, 1987.

Garry W. Miracle, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

In this direct appeal, defendant's issues include the contention that he was entitled to discharge pursuant to Criminal Rule 4(C) due to the State's failure to bring him to trial within one year following his arrest.

Criminal Rule 4(C) provides:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned

circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged.

The provisions of Criminal Rule 4(A) regarding said "timely motion for continuance" state:

> * * * Except where a continuance was had on [defendant's] motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance not later than ten (10) days prior to the date set for trial, or if such motion is filed less than ten (10) days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor. * * *

The Sixth Amendment to the Constitution of the United States guarantees to each accused person "the right to a speedy and public trial." Art. 1, § 12 of the Constitution of Indiana demands that justice shall be administered "speedily, and without delay." We recognized in *Gill v. State* (1977), 267 Ind. 160, 368 N.E.2d 1159, 1161:

> Criminal Rule 4 exists in order to implement the basic right to speedy trial of those accused of crime and who are therefore in confinement or restrained on recognizance. Criminal justice must be administered by the courts with the highest regard for this constitutional right. [Citations omitted]

The relevant facts are not in dispute. Defendant was arrested for the crimes at issue on August 6, 1982. Without any delay caused by defendant, his trial was set for June 16, 1983. Trial did not occur as scheduled, and on June 20, 1983, the State filed a written "request for trial setting and showing court's congestion," which was not ruled upon until September 29, 1983. On August 25, 1983, the defendant filed a motion for discharge pursuant to Criminal Rule 4(C), which was denied.

On September 29, 1983, the trial court made the following nunc pro tunc entry for June 20, 1983:

> State's Request for Trial Setting and Showing Court's congestion filed and granted. This matter having been set for trial June 16, 1983 and due to Court congestion, to-wit: *State v. Fointno*, 3SCR–82–87, could not be tried. This cause to be re-set for trial.

The following day, September 30, 1983, the trial court made a further nunc pro tunc entry as of September 1, 1983, which provided in pertinent part:

> After having taken this matter under advisement, the Court denies the defendant's motion for discharge for reason that the Court take judicial notice of its own trial calendar and specifically finds that the above captioned cause could not be tried on the trial date of June 16, 1983, for reason of court congestion, specifically that on said date, the time set for trial this court was trying a criminal case, namely, *State of Indiana v. Victor Fointno*, in Cause No. 3SCR–82–87.
>
> The Court further takes judicial notice and finds that the matter could not have been tried at any time after June 13, 1983, up to the time of defendant's filing of his motion for discharge because the court [sic] of other jury trials which were being conducted and therefore creating court congestion, those being *State of Indiana v. Richard Clemmons*, 3SCR–82–8; *State of Indiana v. Michael Cox*, 3SCR–82–90 and *State of Indiana, State of Indiana v. Mark Allen Wisehart*, 3SCR–82–204, the latter two cases being murder cases. Therefore, the Court denies defendant's motion for discharge.

Defendant's trial thereafter commenced on October 18, 1983.

■ The instant case is unlike those in which, *within the time limit prescribed by the rule*, the trial court determines that court calendar congestion compels the setting of a trial date promptly beyond the time limit. *See, Dudley v. State* (1985),

Ind., 480 N.E.2d 881; *Caine v. State* (1975), 163 Ind.App. 381, 324 N.E.2d 525; *Harris v. State* (1971), 256 Ind. 464, 269 N.E.2d 537. Nor is this a case in which the defendant failed to object to the timely setting of a trial which would occur beyond the limit. *See Bryant v. State* (1973), 261 Ind. 172, 301 N.E.2d 179; *Utterback v. State* (1974), 261 Ind. 685, 310 N.E.2d 552. A defendant is not required to take affirmative action to obtain a trial date within the one-year period set by the rule. *State ex rel Back v. Starke Circuit Court* (1979), 271 Ind. 82, 390 N.E.2d 643, 645; *State ex rel Wickliffe v. Marion Criminal Court* (1975), 263 Ind. 219, 328 N.E.2d 420. But he does have a duty to alert the court when a trial date has been established beyond the proscribed limits. *State ex rel O'Donnell v. Cass Superior Court* (1984), Ind., 468 N.E.2d 209.

While the express language of the rule requires that, in order for the congested court calendar exception to apply, the prosecutor must file a timely motion, our case law has recognized that the continuance may be at the instance of the trial judge and not the prosecutor.

> Whether the trial judge *or* the prosecutor makes the motion would seem irrelevant when considered in light of the rule's objective and the rights sought to be protected.

*Harris, supra,* 256 Ind. at 466, 269 N.E.2d at 539, as quoted with approval in *Caine, supra,* 163 Ind.App. at 387, 324 N.E.2d at 529.

In the case before us, the salient facts are clear. The State did not act to bring the defendant to trial within the required one year period. During this time, no delay was attributable to the defendant. The State failed to file any motion for continuance pursuant to Criminal Rule 4(A), (C), before the June 16 trial date, which would have been within the prescribed time limit. The one-year period expired August 7, 1983. Prior to that time, the trial court had not made any determination regarding congestion of court calendar. The date of the trial which finally

occurred, over defendant's objection, was not set until September 30, long after the expiration of the time limit.

This case confronts this Court with an extremely unpleasant but compelling responsibility. We realize that the defendant was ultimately convicted following an arduous jury trial. Such cases extract an enormous personal toll from the witnesses, jurors, and others participating. Resulting costs are significant and burden our taxpayers, and the time devoted to such trials and subsequent proceedings operate to delay the resolution of other pending controversies. It is with extreme reluctance that we must consider setting aside the defendant's conviction, thus rendering futile the results of the jury trial which found the defendant guilty beyond a reasonable doubt.

In reviewing the statutory predecessor to our present Criminal Rule 4(C), this Court instructed in *Zehrlaut v. State* (1951), 230 Ind. 175, 184, 102 N.E.2d 203, 207:

> Since the enactment of the statute upon which the motion to dismiss is based, it cannot be said that courts have no definite rule by which to determine what is an unlawful delay in bringing a defendant to trial, who is held under recognizance bail. Neither is it possible for trial courts to balance the interests of organized society "that an offender against its laws shall not go free and those of the individual that his trial shall not be delayed." The statute is constitutional and it is binding upon the state, the defendant and the courts. No court has jurisdiction to amend or disregard either the constitution or its implementing statute, nor can a court exercise a judicial discretion exceeding the limitations thereby imposed.

Therefore, because of the State's failure to bring the defendant to trial within one year, or to otherwise qualify under the alternative provided in the rule, we are compelled to apply the provisions of Criminal Rule 4(C).

Judgment is reversed and this cause remanded to the trial court with instructions

to grant defendant's motion for discharge. Because the record indicates that charges against this defendant were pending regarding other unrelated criminal activity, the status of said matters may affect whether defendant is to be released from custody.

SHEPARD, J., concurs.

DeBRULER, J., concurs with opinion in which SHEPARD, J., concurs.

GIVAN, C.J., dissents with opinion in which PIVARNIK, J., concurs.

DeBRULER, Justice—concurring.

A nunc pro tunc entry is "an entry made now of something which was actually previously done, to have effect as of the former date." *Perkins v. Hayward* (1892), 132 Ind. 95, 31 N.E. 670. The office of such an entry is to make the record reflect the character, terms, and conditions of true action taken. *Cook v. State* (1941), 219 Ind. 234, 37 N.E.2d 63. Here, there never was an action taken or event recorded, even if one chooses to credit the first nunc pro tunc entry for June 20, 1983, which evidences such a congested court calendar, as would demonstrate that there was not sufficient time to try appellant before the expiration of the early trial time frame in August. Certainly the fact that the court ran other trials during the remaining part of that time frame does not so demonstrate. Since any court's calendar can be filled constantly with legitimate court matters, the prioritizing purpose of Criminal Rule 4, would be lost entirely if that demonstration were deemed sufficient. The trial court's second nunc pro tunc entry recognizes this purpose of the rule when it states that two of the three intervening trials were of murder charges. I know of no separate legal requirement that murder charges be given precedence over the serious felony charges presented by this case. Furthermore, there is no attempt to justify the running of the third trial which is not characterized in the order, rather than appellant's trial. All court rules exist and are enforced at a cost, since they are applied by a human institution. Appellant's discharge here is such a cost.

SHEPARD, J., concurs.

GIVAN, Chief Justice—dissenting.

I respectfully dissent from the majority in this case. As set out in the majority opinion, appellant was arrested on August 6, 1982. The case was originally set for trial for June 16, 1983; however, the trial did not occur at that time. On June 20, 1983, the prosecuting attorney filed his written "Request for Trial Setting and Showing Court's Congestion." All of this occurred well before the one year period expired from the date of arrest. The action of the prosecuting attorney complied with Ind.R.Cr.P. 4(C).

In filing for a request for a trial setting and showing the court's congestion, there is no requirement that the court take action on the prosecuting attorney's motion within the time specified. It is true the trial court did not act until September 29, 1983; however, at that time, the court made a *nunc pro tunc* entry for June 20, 1983. Thus the court's order book now shows that the State's request for trial setting and showing the court's congestion was filed and granted.

The court also took judicial knowledge of the fact the calendar was congested at that time and named the three cases which required attention during the period involved. Under the circumstances of this case, I see no justification for the ordering of appellant's discharge.

I would hold that Ind.R.Cr.P. 4(C) was not violated and that the trial court did not err in denying appellant's motion for discharge.

GIVAN, C.J., dissenting opinion in which PIVARNIK, J., concurs.