Paul C. YOUNG, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–8606–CR–610.

Supreme Court of Indiana.

April 12, 1988.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Paul C. Young was tried before a jury and convicted of one count of burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.), three counts of theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1985 Repl.), and one count of resisting law enforcement, a class A misdemeanor, Ind.Code § 35–44–3–3(a)(3) (Burns 1985 Repl.). The jury also found that Young was an habitual offender, Ind. Code § 35–50–2–8 (Burns 1985 Repl.). The judge sentenced him to fifty years in prison for the burglary and entered concurrent presumptive sentences on the remaining counts.

On direct appeal, Young raises two issues:

1) Whether the trial court erred in denying Young's motion to dismiss because he was not brought to trial within one year, as required by Criminal Rule 4(C), and

2) Whether the trial court erred in admitting a presentence investigation report containing hearsay.

### I. Discharge for Delay of Trial

Young charges that the State failed to bring him to trial within one year of the date charges were filed. He asserts that this delay entitles him to discharge.

At the time of Young's trial, Criminal Rule 4(C), Ind.Rules of Procedure (1985), provided:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in the aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged.

Young alleges that the State initially filed charges under cause number CR84–63A in Criminal Division One of the Marion Superior Court on April 30, 1984. The State dismissed these charges on September 5,

1984 and refiled identical charges under cause number CR84–197E in Criminal Division Five on September 18, 1984.

The earlier proceedings are not well documented in the record. The record does contain a probable cause affidavit filed under the earlier cause number. A defense motion to dismiss found in the record alleged identical charges were filed in Criminal Division One on April 30, 1984. The defendant asserted these facts when he orally renewed his motion to dismiss at the beginning of trial, and the State did not dispute his statement. On appeal, the State does not deny that identical charges were filed earlier.

■ Assuming that identical charges were filed on September 18, 1984, the State was required to bring Young to trial within one year of April 30, 1984. When identical charges are refiled, they are regarded as if no dismissal occurred, or as if the subsequent charges were filed on the date of the first charges. *State ex rel. Back v. Starke Circuit Court* (1979), 271 Ind. 82, 390 N.E. 2d 643.

■ The State is only chargeable with the period when Young was held "to answer a criminal charge." *See Bentley v. State* (1984), Ind., 462 N.E.2d 58, 60. It is not charged with the period between the dismissal on September 5, 1984 and the refiling of the charges on September 18, 1984. The one year period here is extended by thirteen days. Additionally, Young is chargeable with any delay caused by his actions. Young objected to a July 15 trial before a special judge, and trial was reset for September 26, 1985. Young is therefore charged with seventy-three days of delay.

■ The State argues that Young should also be charged with a delay of fourteen days because the trial was continued due to the resignation of his court appointed counsel, citing *Little v. State* (1981), 275 Ind. 78, 415 N.E.2d 44. In that case, court-appointed counsel withdrew in favor of privately retained counsel. Here, counsel for Young resigned his position as public defender, and the trial court removed the

cause from the jury trial schedule. A new public defender appeared for Young two weeks later, and the court set a new trial date. Young's action did not cause his attorney's resignation, and he cannot be charged with this delay.

The State would also charge Young with an unspecified period "from the date the State discovered the unavailability of one (1) of its material witnesses [apparently during the first proceedings in Criminal Division One] to the time the charges were refiled...." The record does not indicate and the State does not allege when the unavailability of the witness was discovered. It is impossible to determine the period of delay which the State attributes to Young. A portion of the period is already charged to him.

Extending the one-year period by thirteen days between dismissal and refiling and by seventy-three days attributable to Young, the State should have brought Young to trial by July 25, 1985. He was tried on September 26, 1985. We conclude that Young was held for a period in the aggregate embracing more than one year.

■ Such a delay may be excused if congestion of the court calendar caused the delay. While Criminal Rule 4(C) requires the State file a motion for continuance under these circumstances, the trial court may continue the trial on its own motion because of calendar congestion. *Huffman v. State* (1987), Ind., 502 N.E.2d 906. The reasonableness of the delay must be judged in the context of the circumstances, and the trial court's decision will not be disturbed absent an abuse of discretion. *Gillie v. State* (1984), Ind., 465 N.E.2d 1380.

■ Young argues that the record does not sufficiently establish congestion of the calendar, citing *Pillars v. State* (1979), 180 Ind.App. 679, 390 N.E.2d 679. In that case, the Court of Appeals decided that, while the trial court may postpone trial due to congestion if another criminal jury trial is scheduled, congestion will not be assumed when the docket entry states no reason for the delay. The record in *Pillars* did not reveal a reason for rescheduling the trial.

In *Gillie,* the trial court continued a trial beyond the seventy-day speedy trial provision of Criminal Rule 4(A). Docket entries from the day of the postponement noted that other scheduled criminal trials and juvenile fact-finding hearings precluded a trial date before the deadline. We found this delay was reasonable and within the trial court's discretion. *Gillie,* 465 N.E.2d at 1386.

In *Huffman,* the trial court postponed a trial without making any entry regarding congestion at the time of the postponement or at any other time within the one year prescribed by the rule. A *nunc pro tunc* entry made after the expiration of the time limit stated that "due to Court congestion, to-wit: *State v. Fointno,* 3SCR–82–87, [the case] could not be tried." A later *nunc pro tunc* entry stated that the case could not be tried because of another named criminal trial and three other named criminal jury trials, including two murder cases. This Court held that, because no determination regarding court congestion had been made prior to the expiration of the one year period, the State lost the right to try *Huffman* when the year expired. The later entries regarding congestion could not reinstate that right. *Huffman,* 502 N.E.2d at 907, 908.

In this case, when Young first objected to the trial setting as violating his right to a speedy trial, the docket reflected: "Defendant objects to Jury Trial continuance due to conjested [sic] calendar and moves for dismissed [sic] based on denial of criminal Rule Four.... Cause is removed from Jury Trial calendar and is set for [pre-trial] ... and to be set every Wednesday, until Jury Trial calendar opens up for jury trial." Subsequent docket entries state: "No Jury Trial date is available." Pre-trial hearings continued weekly. On May 29, the docket said: "Court continues on own Motion due to conjested [sic] Jury Trial calendar."

Unlike the docket entries in *Pillars,* these entries state the congestion of the court calendar as the reason for the delay. This congestion obviously was due to criminal jury trials already scheduled, as the court repeatedly referred to its jury trial docket in attempting to set a trial date for Young. Such a finding was a sufficient showing of congestion in *Gillie.* Moreover, the court's finding of congestion was made at the time of the postponement. It was not the type of post-hoc rationalization made after the defendant filed his motion for dismissal which this Court disapproved in *Huffman.*

The trial court noted the congestion of its docket and attempted to set Young's case for trial each week until a trial date was obtained. A delay of two months was reasonable under the circumstances.

## II. Presentence Investigation Report

■ During trial on the habitual offender count, the State presented the testimony of Cynthia Ayres, a former probation officer. Ayres testified that she had prepared a presentence investigation report on one Paul Courtland Young in February 1973. She identified Young in court as the subject of that report. She also identified the document itself as having been prepared by her in the course of her duties as a probation officer. Ayres testified that certain statements contained in the report came from court records and interviews. Of course, those who originally made these statements did not testify in Young's trial.

The State moved to admit the report. Young objected on the basis of relevancy and hearsay. The judge took the objection under advisement. After refreshing her recollection with the report, Ayres testified that Young had been convicted of entering to commit a felony under cause number CR72–876C. This information was obtained, Ayres said, from "a slip of paper sent to [her] office by the Court." The judge admitted the presentence report into evidence.

We have noted that presentence reports should not be admitted in habitual offender proceedings because they may contain hearsay and extraneous information. *Pointer v. State* (1986), Ind., 499 N.E.2d 1087. Any extraneous information in this report did not reach the jury, because the prosecutor read only those portions dealing with the crime alleged as a basis for the

habitual offender. Unlike the jury in *Pointer*, the jury here did not view the report.

■ The State introduced without objection other evidence of Young's 1973 felony conviction, the one for which Ayres prepared her report. This evidence establishes a conviction on January 29, 1973, under cause number CR72–876C. It demonstrated that the court sentenced Young in that cause on February 21, 1973, after considering the presentence report. To the extent that the report was hearsay on the question of whether the conviction occurred, it was cumulative.

Ayres' testimony did serve to identify Young as the person convicted in this sequence of events. Ayres identified Young as the subject of a presentence report she was assigned to perform in February 1973. She made this identification independent of any reference to the challenged report. The jury was aware that the conviction in question took place in January 1973, and sentence was pronounced in February 1973. The jury could infer from the date of Young's conviction and sentencing that the report made by Ayres was the report considered at sentencing, and her identification was of the individual convicted and sentenced for this offense. The report bolstered this inference by corroborating the charged offense and cause number.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN and DICKSON, JJ., concur.

PIVARNIK, J., concurs in result.