Robert JENNINGS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 59A01–9706–CR–193.

Court of Appeals of Indiana.

Dec. 8, 1997.

Susan K. Carpenter, Public Defender, Lorraine L. Rodts, Deputy Public Defender, Indianapolis, for Appellant–Defendant.

**4.** Wickes raised the statute of limitations as an affirmative defense in its answer.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

ROBERTSON, Judge.

Robert Jennings appeals the sixty-nine (69) year prison sentence imposed for crimes related to two successive burglaries of the same building. The sole issue raised on appeal may be restated as:

whether Jennings' sentence violates the limitation upon consecutive sentences imposed by Ind.Code 35–50–1–2 (1994).

We reverse and remand with instructions that Jennings be resentenced for an aggregate term not exceeding fifty-five (55) years.

## FACTS

The facts in the light most favorable to the verdict reveal that during the evening of March 22, 1991, and the early morning of March 23, 1991, Jennings and his accomplice made three round trips from Lawrenceville to Leipsic to burglarize a hardware store in Leipsic. The first two burglaries were committed with the intent to steal property. The third burglary was committed with the intent to commit an arson to conceal the earlier burglaries. On the third trip, Jennings set fire to the hardware store.

Jennings was charged in a four count information. Two of the counts, Burglary and Theft, related to the first break-in which took place "on or about March 22, 1991." The other two counts, Burglary and Arson, related to the third break-in which took place "on or about March 23, 1991." Jennings was also charged as an habitual offender. Jennings was convicted on all four counts and was adjudicated an habitual offender. Ultimately, Jennings was sentenced to 50 years for Arson (20 years + the 30–year habitual offender enhancement), 8 years for each of the Burglary convictions, and 3 years for the Theft conviction. The trial court ordered that all sentences run consecutively for a total of sixty-nine (69) years.

## DECISION

■ Courts are duty bound to correct sentences which violate the trial court's statutory authority to issue consecutive sentences under I.C. 35–50–1–2. *Sinn v. State,* 609 N.E.2d 434, 436 (Ind.Ct.App.1993), *trans. denied.* As stated in *Tedlock v. State,* 656 N.E.2d 273 (Ind.Ct.App.1995):

In 1994, our general assembly amended I.C. 35–50–1–2 to impose a previously nonexistent limitation upon a trial court's discretion to impose consecutive sentences. The relevant portion of the amended statute, which [Defendant] argues has been violated, reads:

· The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for murder and felony convictions for which a person receives an enhanced penalty because the felony resulted in serious bodily injury if the defendant knowingly or intentionally caused the serious bodily injury, *the total of the consecutive terms of imprisonment,* exclusive of terms of imprisonment under IND.CODE 35–50–2–8 [habitual offender statute] and IND. CODE 35–50–2–10 [habitual substance offender statute], *to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.*

*Id.* at 276 (Emphasis original). Jennings was originally sentenced after the effective date of the statutory amendment. Therefore, he is entitled to the ameliorative benefit of the amendment. *See id.* (Approved in *Palmer v. State,* 679 N.E.2d 887, 892 n. 4 (Ind.1997)).

■ Jennings argues that the four charged felonies relate to a single episode of criminal conduct triggering the limitation on the trial court's discretionary authority to order consecutive sentences. The State argues that the two charged burglaries (with their attendant felonies) represent two sepa-

rate criminal episodes. We agree with Jennings.[1]

Our legislature has defined the term "episode of criminal conduct" to mean:

> offenses or a connected series of offenses that are closely related in time, place, and circumstances.

I.C. 35–50–1–2(b) (1995). In *Tedlock,* we held that this 1995 amendment was applicable to the 1994 version of the statute. 656 N.E.2d at 276. The term "episode of criminal conduct" has been held to mean offenses or a connected series of offenses that are closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to details of the other charge. *Reynolds v. State,* 657 N.E.2d 438, 440 (Ind.Ct.App.1995); *Tedlock,* 656 N.E.2d at 276. In *Reynolds,* we rejected the defendant's argument that three successive burglaries committed against different victims constituted a single criminal episode, noting that each burglary could be described without referring to the details of the others. 657 N.E.2d at 441. Similarly, in *Tedlock,* we rejected defendant's argument that four sales of a particular illegal security to different victims over a two-year time span constituted a single criminal episode, noting that a complete account of each of the four sales could be related without referring to the details of another.

In the present case, all four offenses were committed at the same place on the same night (before and after midnight). A complete account of the Burglary/Arson cannot be related without referring to the Burglary/Theft because the Burglary/Arson was committed with the intention of concealing the Burglary/Theft. Therefore, we hold that all four of the counts against Jennings relate to a single criminal episode as that term has been defined by I.C. 35–50–1–2(b) (1995).

The 1994 ameliorative sentencing statute, as set out above, provides that the total of the consecutive terms of imprisonment, exclusive of the habitual offender enhancement, cannot exceed the presumptive sentence for a felony which is one class higher than the most serious felony for which the defendant has been convicted. Here, the most serious of Jennings' convictions was the Arson, a class B felony. The presumptive sentence for a class A felony at the time of Jennings' sentencing was twenty-five (25) years. I.C. 35–50–2–4 (Reduced from thirty (30) years by the same 1994 ameliorative Act discussed above. P.L. 164–1994). Therefore, we reverse and remand with instructions that Jennings be resentenced for an aggregate term not exceeding fifty-five (55) years (25 years + the 30-year habitual offender enhancement) in accordance with I.C. 35–50–1–2 (1994). *See Payne v. State,* (Ind.1997) 688 N.E.2d 164, 166.

Judgment reversed and remanded for resentencing.

SHARPNACK, C.J., and BAKER, J., concur.

---

1. Even had we agreed with the State that the two charged burglaries constituted separate criminal episodes, we would have been obliged to shave three years off of Jennings' twenty-eight (28) year aggregate sentence (exclusive of the habitual offender enhancement) for the Burglary/Arson episode. *See infra.*