Bradley S. BALLARD, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 03A04–9806–CR–317.

Court of Appeals of Indiana.

Sept. 17, 1999.

Jeffrey L. Beck, Beck Harrison & Dalmbert, Columbus, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

ROBB, Judge

*Case Summary*

Bradley Ballard appeals his conviction for residential entry, a Class D felony,[1] battery, a Class D felony,[2] and battery, a Class C felony[3] following a jury trial. We reverse and remand for resentencing.

*Issue*

Ballard raises one issue for our review, which we restate as whether the trial court properly sentenced Ballard to fourteen consecutive years in accordance with Indiana Code section 35-50-1-2.

*Facts and Procedural History*

On April 21, 1996, Ballard went to Tammy Fields' apartment. Although Ballard had, until recently, been residing at the apartment with Fields, he did not have permission to be in the apartment that morning. He entered and proceeded upstairs where he encountered Fields and Jamie Payne. A fight ensued and both Fields and Payne were struck by Ballard. The Columbus Police Depart-

---

1. Ind.Code § 35-43-2-1.5.

2. Pursuant to Indiana Code section 35-42-2-1, the battery was elevated to a D felony due to a

prior conviction of battery where Tammy Fields was the victim.

3. Ind.Code § 35-42-2-1(a)(3).

ment was dispatched and Ballard was arrested. Additional facts will be provided as necessary.

■■ Ballard was tried by a jury on the charges of burglary, a Class B felony, battery against Fields as a Class A misdemeanor, battery against Fields with a previous conviction of battery against her, a Class D felony, and battery against Payne as a Class C felony. The jury found Ballard guilty of residential entry, a Class D felony and a lesser-included offense of burglary, battery against Fields as a Class D felony, and battery against Payne as a Class C felony. Ballard was sentenced to three years incarceration for the residential entry, three years for the D felony battery, and eight years for the C felony battery. These sentences were ordered to be served consecutively.[4]

Ballard retained trial counsel to perfect his appeal; however, trial counsel did not proceed. Appellate counsel, recognizing that the time for filing the praecipe had passed, filed a Petition for Leave to File a Belated Motion to Correct Errors and Belated Motion to Correct Errors asserting that Ballard was sentenced in violation of Indiana Code section 35–50–1–2. A hearing was held on the motion May 20, 1998, and the motion was taken under advisement. On June 22, 1998, Ballard's counsel filed the praecipe as the trial court had not rendered a decision as of that date. On July 6, 1998, the trial court did enter an order denying Ballard's Belated Motion to Correct Errors.

### Discussion and Decision

### I. Timeliness of Appeal

Although not an issue raised by the parties, we note that Ballard's Petition for Leave to File a Belated Motion to Correct Errors is a part of the process of obtaining post-conviction relief and is governed by the Indiana Rules of Procedure for Post–Conviction

Remedies. Ind. Post–Conviction Rule 2. Thus, the trial court is to determine whether there are grounds for allowing the motion to correct error to be filed. Ind. Post–Conviction Rule 2(2). If a hearing is held on the petition, the hearing is to be conducted according to Indiana Post–Conviction Rule 1, section 5. P–C.R. 2(2). Further, when rendering judgment, the trial court is to make specific findings of fact and conclusions of law on all issues presented, whether a hearing is held or not. Ind. Post–Conviction Rule 1(6). *See Taylor v. State,* 472 N.E.2d 891, 892 (Ind.1985) (holding that the trial court is required to make findings of fact and conclusions of law sufficient to dispose of the issues on appeal). *But see Neville v. State,* 663 N.E.2d 169, 174 (Ind.Ct.App.1996) (holding that "when the issues are sufficiently presented for review and addressed by the parties, the failure to enter specific findings of fact and conclusions of law is not reversible error.").

If sufficient grounds are found, the trial court shall allow the defendant to file the belated motion to correct error and, "the motion shall then be treated for all purposes as a motion to correct error filed within the prescribed period." P–C.R. 2(2). Accordingly, once the motion is allowed, the Indiana Trial Rules, specifically Indiana Trial Rules 59 and 53.3, would apply to a hearing on the motion. *See* P–C.R. 1(5) ("All rules and statutes applicable in civil proceedings ... are available to the parties ... ").

■ Here, the trial court did not specifically issue an order determining that there were grounds for allowing the Belated Motion to Correct Errors to be filed. Instead, an order was issued scheduling a hearing on the Motion to Correct Errors. We will assume that the trial court considered and granted Ballard's Petition for Leave to File a Belated Motion to Correct Errors, ordered

---

4. The trial court has the power to determine whether the terms of a sentence will be served concurrently or consecutively. Ind.Code § 35–50–1–2(c). The trial court must provide a rationale for the imposition of a consecutive sentence. *Sherwood v. State,* 702 N.E.2d 694, 699 (Ind.Ct.App.1998). The record should include specific and individualized reasons for imposing the sentence and all significant aggravating and mitigating factors. *Id.* Only one valid aggravating circumstance is necessary to impose a consecutive sentence. *Id.* At Ballard's sentencing, the trial court addressed aggravating circumstances and the reasons for the imposition of the sentence. Thus, the sentencing procedure was properly followed and was not raised by Ballard as a source of error.

the hearing on the Belated Motion to Correct Errors as confirming its decision, and subsequently treated the Belated Motion to Correct Errors as filed within the prescribed period. Therefore, after thirty days had passed from the date of the hearing with no decision, it was proper for Ballard to assume that the Motion to Correct Errors was deemed denied and to proceed in initiating his appeal by filing his praecipe in a timely manner. Ind.Trial Rule 53.3(A).

## II. *Standard of Review—Sentencing*

■■■ The determination of a defendant's sentence is within the trial court's discretion, and will be reversed only upon a showing of abuse of discretion. *Pritscher v. State,* 675 N.E.2d 727, 729 (Ind.Ct.App.1996). The legislature prescribes penalties for crimes and the trial court's discretion does not extend beyond the statutory limits. *Id.* Therefore, in reviewing a sentence, we will consider whether it was statutorily authorized. *Id.* Further, we are duty bound to correct sentences that violate the trial court's statutory authority to impose consecutive sentences under Indiana Code section 35–50–1–2. *Becker v. State,* 695 N.E.2d .968, 973 (Ind.Ct. App.1998).

## III. *Consecutive Terms*

Ballard alleges that the trial court erred when it sentenced him to consecutive terms totaling fourteen years for two Class D felonies and one Class C felony. Indiana Code section 35–50–1–2(c) states:

> Except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35–50–2–8 [habitual offender statute] and IC 35–50–2–10 [habitual substance offender statute], to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Ballard contends that he was not convicted of a crime of violence and that the crime for which he was convicted arose out of a single episode of criminal conduct. Thus, he contends that his sentences totaling fourteen years exceed the maximum allowed by statute.

### A. *"Crime of Violence"*

■■ Ballard argues that the trial court's imposition of the fourteen year consecutive sentence was erroneous because he was not convicted of a crime that is included in Indiana Code section 35–50–1–2 as a "crime of violence," and therefore, the statutory constraint on consecutive sentencing applies to his convictions. The State responds that, although the statute does not specifically include a Class C felony battery as a crime of violence, the statute's plain language indicates that the statute's purpose was to include a Class C felony battery as a crime of violence. We disagree with the State's interpretation.

The statute specifically states that for crimes of violence, the total consecutive sentences may exceed the presumptive sentence for a felony that is one class of felony higher than the most serious felony for which the defendant was convicted. Ind.Code § 35–50–1–2(c). To define crime of violence, Indiana Code section 35–50–1–2(a) states:

> As used in this section, "crime of violence" means:
>
> (1) murder (IC 35–42–1–1);
>
> (2) voluntary manslaughter (IC 35–42–1–3);
>
> (3) involuntary manslaughter (IC 35–42–1–4);
>
> (4) reckless homicide (IC 35–42–1–5);
>
> (5) aggravated battery (IC 35–42–2–1.5);
>
> (6) kidnapping (IC 35–42–3–2);
>
> (7) rape (IC 35–42–4–1);
>
> (8) criminal deviate conduct (IC 35–42–4–2);
>
> (9) child molesting (IC 35–42–4–3);
>
> (10) robbery as a Class A felony or a Class B felony (IC 35–42–5–1);
>
> (11) burglary as a Class A felony or a Class B felony (IC 35–43–2–1); or
>
> (12) causing death when operating a motor vehicle (IC 9–30–5–5).

■■■ In construing a statute, generally, we will only interpret a statute that is

ambiguous. *Indianapolis Historic Partners v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1224, 1227 (Ind. Tax Ct.1998). A statute is ambiguous when it is susceptible to more than one interpretation. *Ad Craft, Inc. v. Bd. of Zoning Appeals of Evansville and Vanderburgh County,* 693 N.E.2d 110, 114 (Ind.Ct.App.1998), *trans. denied.* There is no need to apply the rules of statutory construction when a statute is unambiguous. *Indianapolis Historic Partners,* 694 N.E.2d at 1227.

Here, the statute is clear. The legislature delineated the exact crimes by name and citation that were to be considered violent crimes. If battery as a Class C felony had been intended to be included as a crime of violence, it would have appeared in Indiana Code section 35–50–1–2(a). The statute is unambiguous: battery was not intended to be included as a violent crime.[5]

### B. Offenses Closely Related in Time, Place, and Circumstance

■ In support of his argument that he was improperly sentenced, Ballard also contends that the crimes for which he was convicted arise out of an episode of criminal conduct. An "episode of criminal conduct" is defined in the statute:

As used in this section, "episode of criminal conduct" means offenses or a connected series of offenses that are closely related in time, place, and circumstance.

Ind.Code § 35–50–1–2(b). Thus, Ballard argues that his fourteen year consecutive sentence is inappropriate.

We have previously addressed the meaning of a criminal episode, and held that:

Episode means an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series. This would cover the simultaneous robbery of seven individuals, the killing of several people with successive shots from a gun, the successive burning of three pieces of property, or such contemporaneous and related crimes as burglary and larceny, or kidnapping and robbery.

*Tedlock v. State,* 656 N.E.2d 273, 276 (Ind.Ct. App.1995) (quoting *State v. Ferraro,* 8 Haw. App. 284, 800 P.2d 623, 629 (1990)).

■ Further,

the singleness of a criminal episode should be based on whether the alleged conduct was so closely related in time, place and circumstances that a complete account of one charge cannot be related without referring to details of the other charge.

*Id.*

In *Tedlock,* the defendant's four convictions arose from crimes that were committed against different victims, at different times, and at different places, in a time period that spanned approximately two years. Under these circumstances, we held that Tedlock's four convictions did not constitute one criminal episode. *Id.*

Here, Ballard's crimes were against the two people that were present in the apartment he broke into and the crimes all occurred within approximately half an hour at the same location. Ballard's convictions were for offenses that were closely related in time and place.

The State contends that even though Ballard's crimes were closely related in time and place,[6] they were not closely related in cir-

---

5. To clarify, the following statutes identify the differences between a Class C felony battery (not included in Indiana Code section 35–50–1–2(a)) and aggravated battery (included in Indiana Code section 35–50–1–2(a)). "A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is: ... a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon...." Ind.Code § 35–42–2–1. "A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes:

(1) serious permanent disfigurement; (2) protracted loss or impairment of the function of a bodily member or organ; or (3) the loss of a fetus; commits aggravated battery, a Class B felony." Ind.Code § 35–42–2–1.5.

6. The State concedes that the two batteries were a single episode in its brief. However, the State contends that the batteries were crimes of violence. Since we have determined that they are not crimes of violence under Indiana Code section 35–50–1–2(a), we need only address whether the residential entry and the batteries constitute a single episode.

cumstance. The State further argues that the fact that Ballard had different motives in entering the apartment and battering Fields and Payne and that the offenses were not part of a related scheme precludes the application of Indiana Code section 30–50–1–2. The State cites *Jennings v. State*, 687 N.E.2d 621, 623 (Ind.Ct.App.1997), asserting that the crimes committed in *Jennings*, held to be of a single episode, were all committed pursuant to a common scheme and motive. However, we did not cite the "common scheme and motive" as a basis for our decision in *Jennings*.

In *Jennings*, the defendant and his accomplice made three round trips between different cities to burglarize the same hardware store. The third burglary was committed with the intent to commit arson to conceal the earlier burglaries. *Id.* at 622. All four offenses were committed on the same night and at the same place. *Id.* at 623. Given the facts of the case, we held that a complete account of the Burglary/Arson could not be related without referring to the Burglary/Thefts because the Burglary/Arson was committed with the intention of concealing the Burglary/Thefts. *Id.*

Although the battery of Fields and Payne was not committed with the intent of concealing the residential entry, we hold that in the present case, similar to *Jennings*, the offenses committed relate closely enough in time, place, and circumstance, to warrant that a full description of either offense cannot be related without referring to the details of the other. In order to detail how Ballard· was able to be present to commit the batteries on Fields and Payne, the manner in which he gained access to Fields' apartment must be related. Essentially, a complete account of the batteries cannot be related without mention of the residential entry; the battery was committed as a direct result of the residential entry. Had Ballard not unlawfully entered the apartment, he would not have found Fields with Payne, and would not have battered them.

Further, as noted in *Tedlock*, single episodes can occur not only simultaneously, but also contemporaneously with related crimes, for example, burglary and larceny, or kidnap-

ping and robbery. *Tedlock*, 656 N.E.2d at 276 (quoting *Ferraro*, 800 P.2d at 629). Here, Ballard's offenses consist of contemporaneous, related crimes. They occurred during the same period of time, and the battery was a result of Ballard's residential entry, where he discovered Fields and Payne and subsequently battered them.

### Conclusion

We hold that Ballard's offenses consist of an episode of criminal conduct and therefore meet the statutory requirements of Indiana Code section 35–50–1–2. Thus, Ballard should have been sentenced accordingly. The trial court erred in sentencing Ballard to consecutive sentences totaling fourteen years. The most serious felony for which Ballard was convicted· was a Class C felony. The presumptive sentence for a Class B felony is ten years, and thus, the total of Ballard's consecutive sentences may not exceed ten years. Accordingly, we reverse and remand to the trial court for re-sentencing consistent with this opinion.

Reversed and remanded.

RILEY, J., and FRIEDLANDER, J., concur.