**In the Matter of the Denial of the Application for a Writ of Habeas Corpus for William BRETTIN.**

**William Brettin, Appellant–Petitioner,**

v.

**Paul Grandstaff, Sheriff of Pulaski County, Appellee–Respondent.**

No. 66A03–9911–CV–408.

Court of Appeals of Indiana.

Feb. 4, 2000.

---

Kevin C. Tankersley, Winamac, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Andrew L. Hedges, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Petitioner William Brettin ("Brettin") brings this interlocutory appeal of the trial court's denial of his Application for Writ of Habeas Corpus, contending the trial court improperly altered his bail without conducting a hearing. We reverse.

### Issue

Brettin presents the following issue for review:

Whether the trial court's order increasing Brettin's bail constituted an alteration of the previous amount and therefore entitled Brettin to a hearing pursuant to IND.CODE SECTION 35-33-8-5.

### Facts/Procedural History

On August 10, 1999, Brettin was arrested on a warrant in Pulaski County, Winamac, Indiana. At an August 12, 1999 initial hearing, the court granted the State's request for a seventy-two hour continuance to file charges against Brettin. At that time, the State indicated that it planned to file up to seven charges of Child Molesting, as class C felonies, at least one charge of Child Solicitation, a class D felony, at least one charge of Public Indecency, a class D felony, and a charge of Child Exploitation, a class A misdemeanor. At the close of the hearing, the court set bail in the amount of $50,000.00 "pending further hearing." (R. 43). Brettin posted bail that same day and was released.

On August 20, 1999, the State charged Brettin with 22 counts for the criminal offenses of Child Molestation, Child Solicitation, and Battery, and requested an increase in bail. On August 23, 1999, the court reconvened the initial hearing and notified Brettin that it had increased his bail to $300,000.00.

After the new bail amount was set, Brettin filed an Application for Writ of Habeas Corpus. Following a September 2, 1999 hearing, the trial court denied the application. This interlocutory appeal ensued.

### Standard of Review

When interpreting the meaning of a statute, this Court is guided by well-established rules of statutory construction. In construing a statute, generally, we will only interpret a statute that is ambiguous. *Ballard v. State*, 715 N.E.2d 1276, 1279

(Ind.Ct.App.1999). A statute is ambiguous when it is susceptible to more than one interpretation. *Id.* The controlling statute in the present case is unambiguous. Therefore, we need not apply the rules of statutory construction. *See id.* Rather, we will look to the plain, ordinary, and usual meaning of the statute. *See Riley v. State,* 711 N.E.2d 489, 495 (Ind.1999).

### Discussion/Decision

██ The purpose of a writ of habeas corpus is to determine the lawfulness of the custody or detention of the defendant rather than to determine collateral matters not affecting the custody process. *McKay v. State,* 714 N.E.2d 1182, 1186 (Ind.Ct. App.1999). A defendant is entitled to a writ of habeas corpus only if he is entitled to immediate release from unlawful incarceration. *Moshenek v. Anderson,* 718 N.E.2d 811, 813 (Ind.Ct.App.1999). Brettin contends he is being unlawfully held because the trial court failed to conduct a hearing pursuant to IND.CODE SECTION 35–33–8–5, which addresses the alteration or revocation of bail.[1] The State, on the other hand, argues that the trial court did not alter the amount of Brettin's bail, but rather set bail on additional charges. The State therefore contends that IND.CODE SECTION 35–33–8–4 is the controlling statute in the present case. Indiana Code Section 35–33–8–4 requires a trial court to set bail after the State has filed a charging information and permits this determination to be made *ex parte.*

██ The trial court set bail on August 12, 1999, based upon the State's advisement that it would be filing up to seven charges of Child Molesting, as class C felonies, at least one charge of Child Solicitation, a class D felony, at least one charge of Public Indecency, a class D felony, and a charge of Child Exploitation, a class A misdemeanor. The State requested that bail be set at $50,000.00. The trial court

granted the request, based upon "the number of the potential multiple charges, and [the fact] that they are felonies." (R. 43). That same day, Brettin posted bail and was released.

Subsequently, the State determined it had enough evidence to file twenty-two criminal charges against Brettin. Upon filing the charges, the State requested an increase in the amount of bail. In support of its request, the State filed an affidavit stating that Brettin had said he was afraid he would eventually hurt someone. The affidavit also noted that Brettin's alleged criminal activity occurred over several years and involved numerous children. The State now argues that this request was not for an alteration of bail, but was rather a request that bail be set on additional charges.

We disagree with this characterization. When the trial court first discussed and set bail, no formal charges had been filed against Brettin. In response to its discussion with the State, the trial court set bail at $50,000.00. The trial court set bail at this amount based upon the State's representations to the court concerning the nature and number of offenses to be charged against Brettin. The present problem arose when the State determined it had enough evidence to file approximately twice as many charges as it had originally anticipated. At the time of the first initial hearing, the State could have charged Brettin with the known offenses. Under such circumstances, the State could have added additional charges at a later date and the trial court could have then set bail on the additional charges without a hearing pursuant to IND.CODE SECTION 35–33–8–4. Instead, the State chose to wait seventy-two hours to file charges and the trial court set bail based upon the anticipated charges.[2] *See* IND.CODE § 35–33–7–3 (West 1998). According to the State's argument, Brettin simply paid $5000.00 for a

---

1. In *Vacendak v. State,* 261 Ind. 317, 302 N.E.2d 779 (1973), the Indiana Supreme Court held that due process entitles a defendant to a hearing upon the State's application to increase the amount of his bail.

2. We note that the State did not actually file charges until eight days after the initial hearing.

10% bond merely to have three days of freedom before being summarily returned to jail without the necessity of a hearing. Had Brettin known that the amount of bail may have changed without the benefit of a hearing, he may have decided that the price was not worth the benefit.

Moreover, the State's own Affidavit for Additional/Increase in Bail fails to indicate that the State's request for increased bail was based on additional charges. Rather, the affidavit requests increased bail based upon Brettin's statement that he was afraid he would eventually hurt someone and upon the fact that the alleged criminal activity occurred over several years and involved numerous children. Indiana Code Section 35–33–8–5 specifically states that, "[w]hen the [S]tate presents additional ... clear and convincing evidence ... that the defendant ... poses a risk to the physical safety of another person or the community[,] the court may increase bail." In the present case, the State, after asking the trial court to set bail based upon anticipated charges, asked the trial court to raise the bail due to the alleged risk Brettin posed to the community. Indiana Code Section 35–33–8–5 entitled Brettin to a hearing to challenge the State's request for an increase of bail on that basis.

Based on the foregoing, we hold that the trial court erred when it denied Brettin's Application for Writ of Habeas Corpus. We order that Brettin be released from the custody of the Pulaski County Sheriff on the original $50,000.00 bond until and unless the trial court determines after a hearing that the State has met its burden in seeking an increase in bail pursuant to Indiana Code Section 35–33–8–5.

Reversed and remanded with instructions to release Brettin from the custody of the Pulaski County Sheriff.

MATTINGLY, J., and RILEY, J. concur.