**Robert E. HARRIS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A04–0010–CR–456.**

Court of Appeals of Indiana.

May 9, 2001.

Transfer Denied August 9, 2001.

---

David W. Stone, IV, Anderson, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

KIRSCH, Judge

Robert Harris pled guilty to two counts of sexual misconduct with a minor, a Class

B felony.[1] The trial court sentenced Harris to twenty years of incarceration on each count and ordered him to serve the sentences consecutively. He now appeals, challenging the propriety of the court's order to serve the sentences consecutively, and contends that the two counts arise from a single episode of criminal conduct.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 10, 1999, Harris and a man identified as Jay met two girls, Am. B and As. B. Harris and Jay took the girls back to their apartment. There, both men had sexual intercourse with each of the girls. Subsequently, both girls went to St. John's Hospital where rape kit samples were taken. The rape kit sample taken from Am. B revealed the presence of semen consistent with Harris's DNA. Specifically, it was determined that there was a one in 6.6 billion chance that the semen found in the samples taken from Am. B did not belong to Harris.

At the time of the offense Harris was thirty-two years old, and Am. B and As. B were fifteen years old. Am. B has received psychiatric counseling since the age of five, and psychiatric tests indicate that she is mentally two and a half to three years behind her actual age. Similarly, As. B has a mental condition that has caused her to test five years behind her actual age.

Harris initially entered a plea of not guilty and attempted to present an alibi defense by offering the testimony of his girlfriend and her sister that he was, in fact, with them at the time of the offense. However, Harris changed his plea to guilty on both counts after he learned of the DNA evidence that indisputably linked him to Am. B.

At sentencing, the court identified the following aggravating factors: (1) that Harris attempted to defraud the court by offering a false alibi; (2) that Harris has an extensive prior criminal history and was on probation on the night of the crime; and (3) that the two girls had diminished mental capacity. The court discussed each of these aggravating factors, but it attached particular significance to the fact that Harris attempted to offer a false alibi. Further, the court found as mitigating factors that the girls may have consented to the intercourse and that Harris has a small child, had a significant period in time in which he did not commit any offense, showed remorse, and pled guilty. The court refused to give much credit to Harris's guilty plea in light of his attempted alibi, and it attached little significance to the possible consent of the victims. The court concluded that the aggravators outweighed the mitigators and sentenced Harris to twenty years on each count, to be served consecutively.

## DISCUSSION AND DECISION

Harris's only contention on appeal is that the trial court erred in ordering him to serve his terms consecutively. Harris directs us to IC 35–50–1–2(c), which states that a court "may order terms of imprisonment to be served consecutively," but, except for murder and other crimes of violence resulting in serious bodily injury,

> "the total of the consecutive terms of imprisonment ... to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most

---

1. *See* IC 35–42–4–9(A)(1).

serious crime for which the person has been convicted."

Harris argues that his conviction arose from a single episode of criminal conduct, and, as such, the trial court erred by sentencing him to forty years, which exceeds the presumptive sentence for the next highest felony.

■■■ Sentencing decisions including decisions to deviate from the presumptive sentence or to impose consecutive sentences lie within the sound discretion of the trial court. *Echols v. State*, 722 N.E.2d 805, 808 (Ind.2000). In order to impose consecutive sentences, the trial court must find at least one aggravating factor. *Morgan v. State*, 675 N.E.2d 1067, 1073 (Ind.1996). When the trial court deviates from the presumptive sentence or imposes consecutive sentences where not required by statute, it must clearly state its rationale for doing so. *Archer v. State*, 689 N.E.2d 678, 683 (Ind.1997). The trial court's statement of reasons must identify all the significant aggravating and mitigating factors, state the specific facts and reasons which lead the court to find each such circumstance, and demonstrate that the aggravators and mitigators have been considered and balanced. *Id.*

■■ Because sexual misconduct with a minor is not a statutorily defined crime of violence, the propriety of Harris's sentence hinges upon whether his convictions arose from more than one episode of criminal conduct. *See* IC 35-50-1-2(a) (listing the crimes of violence that permit the imposition of consecutive sentences). "The singleness of a criminal episode should be based on whether the alleged conduct was so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to details of the other charge." *Tedlock v. State*, 656 N.E.2d 273, 276 (Ind.Ct.App. 1995). Moreover, we stated in *Tedlock*

that " 'episode means an occurrence or series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series.' " *Id.* (quoting *State v. Ferraro*, 8 Haw.App. 284, 800 P.2d 623, 628 (1990)).

Illustrative of conduct amounting to a single episode is *Ballard v. State*, 715 N.E.2d 1276 (Ind.Ct.App.1999). There, the defendant entered an apartment without permission and battered the apartment's occupants. The defendant was convicted of two counts of battery and one count of burglary and sentenced to consecutive terms. On appeal, the defendant challenged the court's order to serve the sentences consecutively. Because a complete account of the battery was not possible without referring to how the defendant gained access to the apartment, we concluded that the defendant's convictions for battery and burglary arose from a single episode of criminal conduct. Accordingly, we reversed the trial court's imposition of consecutive terms. *Id.* at 1281.

Conversely, in *Reynolds v. State*, 657 N.E.2d 438, 441 (Ind.Ct.App.1995), this court upheld the imposition of consecutive terms where the defendant burglarized three different homes on the same day. There, the defendant alleged that the burglaries constituted a single episode of criminal conduct. We concluded, however, that the trial court did not abuse its discretion in finding the three burglaries not to be a single episode since each could be described without referring to details of the others. *Id. See also Lockhart v. State*, 671 N.E.2d 893, 904 (Ind.Ct.App.1996) (concluding that several distinct acts of child molestation against the same victim at different times constituted multiple episodes of criminal conduct).

Here, our review is hampered by the fact that the evidence admitted at the trial prior to Harris' guilty pleas has not been included in the record presented to this court. On the basis of the record before us, neither of Harris's acts of sexual misconduct was a necessary prerequisite for the other. Indeed, although Harris had sexual intercourse with each of the girls on the same evening and in the same apartment, there was no other connection between the events such that a complete account of one cannot be given without referring to the details of the other. The acts of sexual intercourse involve separate victims and separate acts. Each act was an occurrence that may be viewed as distinctive and apart from the other, notwithstanding the fact that the acts were both part of a more comprehensive series. Therefore, we conclude that Harris's sentence arose from more than one episode of criminal conduct.

The record reflects that the trial court adequately supported its decision to order the sentences to run consecutively. The trial court expressly identified the significant aggravating and mitigating factors and, after discussing the facts supporting each, concluded that the aggravators outweighed the mitigators. Specifically, the court attached greater weight to the fact that Harris offered a false alibi and discounted the value of his guilty plea and the possible consent of the victims. The presence of even one aggravating factor would have been sufficient for the court to order the sentences to run consecutively. Because there was no suggestion that each incident of sexual misconduct was inextricably intermingled with the other and the trial court clearly stated its rationale for ordering consecutive sentences, we conclude that the trial court properly exercised its discretion in sentencing Harris to consecutive terms.

Affirmed.

SHARPNACK, C.J., and MATTINGLY–MAY, J., concur.