Eric Leon STINSON, Jr., Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A01–0304–CR–121.

Court of Appeals of Indiana.

Oct. 21, 2003.

David W. Lamont, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Eric Leon Stinson, Jr. brings this interlocutory appeal[1] of the trial court's order denying his Motion to Discharge pursuant to Indiana Criminal Rule 4(C). He presents the following restated issue for review: Is the one-year period within which an accused must be brought to trial under Crim. R. 4(C) tolled during the period between the dismissal and refiling of criminal charges?

We affirm.

On July 19, 2001, two probable cause affidavits were filed against Stinson, alleging that he committed dealing in cocaine on both June 18 and June 27, 2001. Stinson appeared that day in the Vanderburgh Superior Court for a probable cause hearing. The court found probable cause to support the filing of formal charges against Stinson and ordered the cause transferred to the Vanderburgh Circuit Court. The court also set bond and ordered Stinson to appear for an initial hearing on July 24, 2001, at which the State was to file formal charges. On July 24, 2001, without filing formal charges, the State moved to dismiss the cause. The court granted the motion and ordered Stinson's bond released.[2]

Thereafter, on December 10, 2002, the State filed an information charging Stinson with two counts of dealing in cocaine based upon the allegations in the earlier cause. Stinson was arrested on a bench warrant on December 17, 2002 and brought to court for his initial hearing that same day. On February 18, 2003, Stinson filed his motion to discharge alleging a violation of Crim. R. 4(C). Following a hearing, the trial court denied the motion on February 21, 2003. Stinson now appeals.

Crim. R. 4(C) provides in relevant part as follows:

> **(C) Defendant Discharged.** No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar. . . . Any defendant so held shall, on motion, be discharged.

Thus, the State has an affirmative duty to bring a defendant to trial within one year unless the defendant is responsible for the

---

1. Pursuant to Indiana Appellate Rule 14(B), the trial court certified its order for interlocutory appeal, and this court subsequently accepted jurisdiction of the appeal.

2. The trial court's CCS entry for July 24, 2001, provides in part: "ON STATE'S MOTION, CAUSE IS ORDERED DISMISSED. BOND IS ORDERED RELEASED." *Appellant's Appendix* at 24.

delay or the delay is caused by congestion of the court's calendar. "The one year period begins with the date criminal charges are filed against the defendant or with the arrest of defendant, whichever is later." *Sweeney v. State*, 704 N.E.2d 86 (Ind.1998), *cert. denied*, 527 U.S. 1035, 119 S.Ct. 2393, 144 L.Ed.2d 793 (1999).

Here, even assuming that the one-year period began running on July 19, 2001,[3] we conclude that Stinson is not entitled to discharge. The initial charges were dismissed on July 24, 2001. Therefore, Stinson had been held to answer the criminal charges for only five days prior to the dismissal. Stinson argues that the period of time between the dismissal and his arrest on December 17, 2002, based upon the refiled charges, should accrue against the one-year period. This is simply not true. Our supreme court has repeatedly held that while the dismissal and refiling of the same charges does not reset the one-year period, it does toll the clock for the actual days between dismissal and refiling (or arrest). *See, e.g., Sweeney v. State*, 704 N.E.2d 86; *Young v. State*, 521 N.E.2d 671 (Ind.1988); *Bentley v. State*, 462 N.E.2d 58 (Ind.1984) (expressly disagreeing with prior cases that prohibited tolling between dismissal and refiling of a charge under

Crim. R. 4(C)). The supreme court explained this rule in *Bentley v. State*:

> It is obvious that when a criminal charge is dismissed, the person is not then being held "to answer a criminal charge." ... [T]he State should be charged with all the time the defendant stood charged, starting with the charge or arrest in the first instance.
>
> The clear import then is that if a defendant is arrested and charged, and held to answer to that charge for a period of one month, then is discharged, and at a subsequent time the State refiles the same charge, the State is charged with the one month he was held to answer in the first instance and that month's time is added to the time following the second arrest under which the State holds the defendant "to answer a criminal charge."

*Bentley v. State*, 462 N.E.2d at 60.[4] In the instant case, therefore, the clock began running where it left off once Stinson was arrested on December 17, 2002, and the State had 360 days (or until December 12, 2003) in which to bring him to trial. *See Bentley v. State*, 462 N.E.2d 58; *Hornaday v. State*, 639 N.E.2d 303 (Ind.Ct.App. 1994), *trans. denied*. The trial court prop-

---

**3.** The State argues that the clock did not start running at the probable cause hearing because formal charges against Stinson were never filed. We note, however, that as of July 19, 2001, Stinson had been arrested and, pursuant to local criminal procedure in Vanderburgh County, the trial court had found probable cause for the dealing offenses alleged by the State, Stinson had been advised of the charges against him, an initial hearing had been set (at which the State was to file formal charges), and bond was set. While it would seem that Stinson was being held to answer a criminal charge at that point, we need not determine whether formal charges were required to commence the one-year period, as in either case Stinson is not entitled to discharge. Therefore, we will proceed with our

analysis as if criminal charges had been filed against Stinson on July 19, 2001 and were dismissed on July 24, 2001.

**4.** We acknowledge that *Burdine v. State*, 515 N.E.2d 1085 (Ind.1987), which was decided after *Bentley*, states in dicta, "the dismissal and refiling of the same charge does not toll the one-year period within which a defendant must be brought to trial under Criminal Rule 4(C)." *Burdine v. State*, 515 N.E.2d at 1090. We observe, however, that tolling was not at issue in that case because the charges had been dismissed and refiled on the same day. It appears that the supreme court intended to simply observe that the clock does not reset under such circumstances.

erly denied Stinson's motion for discharge that was filed on February 18, 2003.

Judgment affirmed.

RILEY, J., concurs.

SULLIVAN, J., concurs in part and dissents in part with separate opinion.

SULLIVAN, Judge, concurring in part and dissenting in part.

I agree that Stinson is not entitled to a Crim. R. 4(C) discharge upon the criminal information filed December 10, 2002. I respectfully disagree, however, with the majority's analysis that there was an earlier "cause" which had been "dismissed" on July 24, 2001, five days after Stinson's first appearance on July 19, 2001.[5]

Because there were never charges brought against Stinson in July 2001, there was no "cause" to be dismissed. There was, therefore, no dismissal to trigger application of the tolling rule. This rule has application only where a charge is dismissed and later refiled.

To be sure, the five-day period following Stionson's arrest/appearance is not without significance. It is clear that a person may not be arrested and held indefinitely without being charged. For example, I.C. § 35–33–7–3 clearly contemplates that when an arrest has preceded the filing of formal charges, such charges "shall be filed or be prepared to be filed at or before the initial hearing...." If the State requests more time for the filing of charges, or if the case is to be transferred to another court, the initial hearing may be continued for not more than seventy-two hours. *Id.* Furthermore, I.C. § 35–33–7–1 requires that a person arrested without a warrant "be taken promptly before a judi-cial officer," but that if the person makes bail the initial hearing may take place within twenty days from the arrest. I.C. § 35–33–7–4 provides that a person arrested upon a warrant "shall be taken promptly for an initial hearing" but if released on bond or upon the conditions stated in the warrant the initial hearing may be held within twenty days. *See also Coleman v. Frantz,* 754 F.2d 719 (7th Cir.1985) (holding eighteen-day detention of an arrestee without appearance before magistrate was a deprivation of liberty without due process).

At a minimum, had Stinson not been free on surety bond from the first day of his arrest/appearance, he would have had grounds for habeas corpus relief. *See In Re Brettin,* 723 N.E.2d 913 (Ind.Ct.App. 2000). In any event, even though free on recognizance, Stinson was entitled to have the five day period from arrest/appearance to "dismissal" and release of bond counted toward the one-year period within which the State could bring him to trial on the December 10, 2002 information. In this regard, although there were no charges on file against him, the so-called "pre-charges" under which Stinson could have been held had he not made bond are sufficiently analogous so as to trigger and then toll the one-year period under Crim.R. 4(C). *See Sweeney v., State,* 704 N.E.2d 86 (Ind.1998), *cert. denied,* 527 U.S. 1035, 119 S.Ct. 2393, 144 L.Ed.2d 793 (1999); *Bentley v. State,* 462 N.E.2d 58 (Ind.1984).

Nevertheless, I agree with the majority's conclusion that following his arrest on December 17, 2002, the State had 360 days within which to bring Stinson to trial, i.e., until December 12, 2003. For this reason I concur in the affirmance of the denial of

---

**5.** Although the record does not affirmatively reflect it, for purposes of this opinion it is assumed that Stinson's first appearance was also the day of his arrest.

**356**

Stinson's Motion for Discharge filed February 18, 2003.