Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

FILED

Nov 09 2012, 8:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY ALLISON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1204-CR-277 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William J. Nelson, Judge
Cause No. 49F07-1010-CM-82037

**November 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Timothy Allison appeals his sentence following the revocation of his probation. On appeal, Allison asserts that his initial sentence was illegal under Indiana law. We hold that Allison should have raised this issue on direct appeal or in a petition for post-conviction relief, and he is barred from raising it after the revocation of his probation. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 27, 2010, the State charged Allison with operating a vehicle while intoxicated, as a Class A misdemeanor, and public intoxication, as a Class B misdemeanor. On November 9, the State added a third count, which was an additional charge of Class A misdemeanor operating a vehicle while intoxicated.

On April 25, 2011, Allison pleaded guilty to the State's first charge of operating a vehicle while intoxicated. In exchange, the State dismissed the remaining two counts. Following his guilty plea, the trial court sentenced Allison to 365 days, with thirty days executed and 335 days suspended, and an additional 335 days probation.[1] Allison did not bring a direct appeal challenging his sentence.

On January 30, 2012, the State filed a notice of probation violation against Allison, alleging that he had been arrested for operating a vehicle while intoxicated. The trial court held a probation revocation hearing on March 14. Allison admitted to the

---

[1] Allison's guilty plea has not been included in the appellate record, and it is unclear if the sentence imposed by the trial court was pursuant to the terms of Allison's plea agreement or an open plea.

violation of his probation and the court revoked his probation. The court then ordered

Allison to serve 300 days in the Marion County Jail. This appeal ensued.

**DISCUSSION AND DECISION**

On appeal, Allison contends that his original sentence of 365 days imprisonment

with an additional 335 days probation exceeded the one-year maximum sentence for

Class A misdemeanors under Indiana law. See Ind. Code § 35-50-3-1(b) ("the combined

term of imprisonment and probation for a misdemeanor may not exceed one (1) year.").

However, as the State correctly asserts, Allison cannot challenge his initial sentence in an

appeal from the revocation of his probation. See Appellee's Br. at 4.

Our supreme court has foreclosed this avenue of relief to Allison. In Schlichter v.

State, 779 N.E.2d 1155, 1156-57 (Ind. 2002), the court stated:

> Schlichter appeals from the trial court's decision revoking his probation.
> However, he does not challenge the trial court's ruling. Instead, he
> contends that the original sentence imposed was "illegal" . . . .
>
> Schlichter could have challenged the permissibility of his sentence
> . . . by appealing his sentence when it was imposed. Cf. Harris v. State, 749
> N.E.2d 57 (Ind. Ct. App. 2001), trans. denied, 761 N.E.2d 414 (Ind. 2001)
> (table). To the extent that he believed that it was imposed as a consequence
> of the ineffective assistance of his trial counsel or that he had other grounds
> for collateral relief, he could have challenged the sentence by filing a
> petition for post-conviction relief. Cf. Smith v. State, 770 N.E.2d 290 (Ind.
> 2002). . . .

The court then affirmed the revocation of Schlichter's probation. Id. at 1157; see also

Cox v. State, 850 N.E.2d 485, 490 n.1 (Ind. Ct. App. 2006) ("To the extent that Cox is

challenging his sentence initially imposed, we will not review such an argument in an

appeal from the revocation of probation."); Crump v. State, 740 N.E.2d 564, 573 (Ind. Ct.

3

App. 2000) (holding that the defendant's complaint about his initial sentence could not be reviewed in an appeal from the revocation of his probation), <u>trans. denied</u>. The proper procedure, if any, for Allison to have this claim heard is to file a petition for post-conviction relief. We cannot entertain his argument in this appeal from the revocation of his probation.

As Allison presents no other challenge to the revocation of his probation, we affirm the trial court's judgment in all respects.

Affirmed.

KIRSCH, J., and MAY, J., concur.