## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 05 2017, 6:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and Cass County
Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Byron Snelbaker,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

September 5, 2017

Court of Appeals Case No.
09A05-1704-CR-756

Appeal from the Cass Superior Court

The Hon. Richard Maughmer, Judge

Trial Court Cause No.
09D02-1610-F5-59

**Bradford, Judge.**

# Case Summary

[1] Appellant-Defendant Byron Snelbaker pled guilty to two counts of Level 5 felony battery and one count of Level 6 felony resisting law enforcement and admitted to being a habitual offender. The trial court imposed two consecutive six-year sentences for Snelbaker's battery convictions—enhanced six years by virtue of Snelbaker's habitual offender status—for an aggregate sentence of eighteen years of incarceration. Snelbaker contends that the trial court erred in imposing consecutive sentences for his two battery convictions and that those convictions violate constitutional and common-law prohibitions against double jeopardy. Because we disagree, we affirm.

# Facts and Procedural History

[2] On October 24, 2016, Snelbaker was driving his girlfriend's gray Honda in Logansport without a license. When Logansport Police Officer Mark Van Horn attempted to stop Snelbaker, he fled, running through a number of stop signs and red lights and eventually exceeding 120 miles per hour. The police pursuit of Snelbaker eventually proceeded into Carroll County before returning to Cass County. When a stop stick blew out Snelbaker's right front tire, he continued to flee from the police.

[3] At one point, a police vehicle driven by Logansport Police Officer Shonn Parmeter pulled in front of Snelbaker, who attempted to force the police vehicle from the road by intentionally steering his vehicle into the officer's. Officer

Parmeter sustained injuries when Snelbaker's vehicle struck his. Eventually, near an airport, police officers executed a maneuver that forced Snelbaker from the road into a field. In the field, Snelbaker again intentionally struck Officer Parmeter's occupied police vehicle with his.

[4] On October 25, 2016, the State charged Snelbaker with Level 5 felony battery with a deadly weapon, Level 5 felony battery resulting in bodily injury to a public safety officer, and Level 6 felony resisting law enforcement. On February 15, 2017, the State added a habitual offender allegation. On February 24, 2017, without a written plea agreement, Snelbaker pled guilty to all charges and admitted his habitual offender status. On April 3, 2017, the trial court sentenced Snelbaker to six years of incarceration for each battery conviction, to be served consecutively, and two and one-half years for resisting law enforcement, to be served concurrently with the battery sentences. The trial court enhanced Snelbaker's twelve-year sentence by six years by virtue of his habitual offender status, for an aggregate sentence of eighteen years.

# Discussion and Decision

## I. Consecutive Sentences

[5] Snelbaker contends that the trial court abused its discretion in imposing consecutive sentences for his two Level 5 battery convictions, one by means of a deadly weapon and one on a public safety officer resulting in injury.

> The determination of a defendant's sentence is within the trial
> court's discretion, and will be reversed only upon a showing of

abuse of discretion. *Pritscher v. State*, 675 N.E.2d 727, 729 (Ind. Ct. App. 1996). The legislature prescribes penalties for crimes and the trial court's discretion does not extend beyond the statutory limits. *Id.* Therefore, in reviewing a sentence, we will consider whether it was statutorily authorized. *Id.* Further, we are duty bound to correct sentences that violate the trial court's statutory authority to impose consecutive sentences under Indiana Code section 35-50-1-2.

*Ballard v. State*, 715 N.E.2d 1276, 1279 (Ind. Ct. App. 1999).

[6] Indiana Code section 35-50-1-2 provides, in part, as follows:

> [E]xcept for crimes of violence, … the total of the consecutive terms of imprisonment to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct may not exceed the following:
>
> ….
>
> > (2) If the most serious crime for which the defendant is sentenced is a Level 5 felony, the total of the consecutive terms of imprisonment may not exceed seven (7) years.

[7] Snelbaker correctly notes that neither of his battery convictions are crimes of violence as defined in Indiana Code subsection 35-50-1-2(a). Snelbaker, however, must also establish that his two battery convictions arose out of a single episode of criminal conduct. Snelbaker has failed to establish that this is the case.

[8] An "episode of criminal conduct" refers to "offenses or a connected series of offenses that are closely related in time, place, and circumstance." Ind. Code § § 35-50-1-2(b). Whether multiple offenses constitute a single episode of criminal conduct is a fact-sensitive inquiry to be determined by the trial court.

*Schlichter v. State*, 779 N.E.2d 1155, 1157 (Ind. 2002). In making this determination, we look to the simultaneous and contemporaneous nature of the crimes, which would constitute a single episode of criminal conduct. *Reed v. State*, 856 N.E.2d 1189, 1200 (Ind. 2006). Separate offenses are not part of a single episode of criminal conduct when a full account of each crime can be given without referring to the other offenses. *Reeves v. State.*, 953 N.E.2d 665, 671 (Ind. Ct. App. 2011), *trans. denied.*

[9] One of Snelbaker's battery convictions required proof that he committed a battery on the road during the chase that injured a public safety officer, while the other required proof that he committed a battery in the field using a deadly weapon. Although the limited record does not indicate how far apart in time these two crimes occurred, each stands alone, and a full account of each can be given without referring to the other. In other words, the crimes occurred in different places and under different circumstances, and even if we assume they the second battery occurred not long after the first, they certainly were not simultaneous. Snelbaker has failed to establish that the trial court abused its discretion in imposing consecutive sentences for his two battery convictions.[1]

---

[1] At least at the time of his guilty plea, Snelbaker must have shared our view in that he pled guilty to these two separate incidents and crimes.

## II.  Double Jeopardy[2]

Snelbaker also argues that his two Level 5 felony battery convictions violate prohibitions against double jeopardy.  In *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), the Indiana Supreme Court held "that two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to … the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense."  *Id*. at 49-50.

> To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

*Id.* at 53.  "In determining the facts used by the fact-finder to establish the elements of each offense, it is appropriate to consider the charging information, jury instructions, and arguments of counsel."  *Lee v. State*, 892 N.E.2d 1231, 1234 (Ind. 2008) (citing *Spivey v. State*, 761 N.E.2d at 832 (Ind. 2002); *Richardson*, 717 N.E.2d at 54 n.48).

Here, even on the limited record generated at Snelbaker's guilty plea hearing, it is clear that his two battery convictions do not violate the "actual evidence"

---

[2]  The State contends that Snelbaker waived any claim that his convictions violate prohibitions against double jeopardy by pleading guilty.  Rather than address the State's waiver argument, we choose to address Snelbaker's claim directly and express no opinion on the merits of the State's argument.

test. As charged, one of Snelbaker's battery convictions required proof that he committed a battery that injured a public safety officer, while the other required proof that he committed a battery using a deadly weapon. The factual basis included separate facts supporting each of these convictions. Supporting the first charge, Snelbaker affirmed that he intentionally ran his car into Officer Parmeter's in an attempt to force him from the road and that the impacts caused the officer pain and swelling. As for the second charge, Snelbaker affirmed that later, in a field, he intentionally "slammed" his vehicle into Officer Parmeter's occupied police vehicle. Tr. Vol. II p. 12. At the very least, the two convictions involve different impacts at different times and places (on the road and later in the field), and the first is supported by evidence of bodily injury that is irrelevant to the second. Snelbaker's two battery convictions were not supported by the same actual evidence.

[12] Snelbaker also argues that his two battery convictions violate an Indiana common-law prohibition against double jeopardy, namely "'[c]onviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished.'" *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002) (quoting *Richardson*, 717 N.E.2d at 56 (Sullivan, J., concurring)). As mentioned, Snelbaker's two battery convictions were based on two acts—Snelbaker running his car into Officer Parmeter's as he tried to force him from the road and then then running his car into Officer Parmeter's again in the field after Snelbaker had been cornered. Snelbaker's argument is based on his contention that the charging informations for the two batteries are

similar. Be that as it may, the factual basis at Snelbaker's guilty plea hearing makes it clear that two distinct acts supported the two battery convictions. Snelbaker's two battery convictions do not constitute being punished twice for the same act.

[13] We affirm the judgment of the trial court.

May, J., and Barnes, J., concur.